# Commonwealth of Pennsylvania, use of the City of Titusville, *v.* L. S. Clark, Appellant.

*Taxation — Constitutional law — Classification by ordinance for trade licenses.*

An ordinance, enacted by virtue of the Act of May 24, 1887, P. L. 185, as ratified by the Act of May 23, 1889, P. L. 287, for the government of cities of the third class, which classifies retail and wholesale merchants for the purpose of a municipal license tax does not violate the provisions of the federal or state constitution and the right to make such classification for purposes of taxation being determined there can be no doubt as to the legislative authority of councils to impose different rates upon the several classes.

Argued May 15, 1899.   Appeal, No 46, April T., 1899, by defendant, from sentence of Q. S. Crawford Co., Feb. T., 1897, No. 57, on case stated.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ.   Affirmed. Opinion by W. W. PORTER, J.

Case stated, appeal from a justice, for failure to pay for and take out a license required by an ordinance of the city of Titusville.   Before THOMAS, P. J.

The facts sufficiently appear from the opinion of the court below, which is as follows:

By agreement of counsel this case is tried upon a case stated for the opinion of the court in the nature of a special verdict.

The city of Titusville is, and has been since 1875, a city of the third class, and on June 25, 1888, the legislative body of said city duly and regularly passed, and the mayor of said city duly approved of the ordinance by virtue of which the license tax under consideration is imposed.

The ordinance was evidently enacted by virtue of the unconstitutional act of May 24, 1887, but the municipal actions had under and based upon said act were legally ratified by the act of May 23, 1889: Melick v. Williamsport, 162 Pa. 408; City of Chester v. Pennell, 169 Pa. 300.

Nor is there any contention of the parties upon this point, but defendant denies the legality of the ordinance upon two grounds, viz:

1. Because certain of the merchants and business men of Titusville are exempt from any taxation whatever.

2. The tax imposed is not uniform, and the classification adopted is prohibited by the fourteenth amendment to the federal constitution.

The tax imposed being authorized by clause 4, section 3 of article 5 of the Act of May 23, 1889, is for general revenue purposes, and by virtue of the general taxing powers of the municipality, and not through or by virtue of its police powers: Williamsport v. Wenner, 172 Pa. 173; Oil City v. Trust Co., 151 Pa. 454, 459.

Section 3 of the ordinance classifies those who make and effect annual sales of divers amounts. Section 4 provides " that contractors whose business and real estate agents whose sales exceed one thousand dollars per annum, shall be classified and rated as provided for in section 3 of this ordinance, and shall pay a license according to said section."

By section 3 no exemption is allowed to persons doing an annual business of less than \$1,000, and as contractors and real estate agents are otherwise classified with the persons making and effecting sales, to thus exempt a part of the class doing an annual business of less than \$1,000 and impose a tax upon others belonging to the same class is clearly violative of sections 1 and 2, article 9 of the constitution of this commonwealth: Commonwealth v. Brewing Co., 145 Pa. 83; Commonwealth v. Sharon Coal Co., 164 Pa. 304; Fox's Appeal, 112 Pa. 337; Pittsburg v. Coyle & Co., 165 Pa. 61.

This exemption is class legislation, which is forbidden by the constitution, and not in any way or under any guise to be tolerated. This portion of the ordinance must fall, but this defect alone does not render the entire ordinance void.

As was said by our Supreme Court in Fox's Appeal, 112 Pa. 337, in declaring unconstitutional that part of the act of 1885 which excepted from taxation notes or bills for work or labor done : " But for this vice we are not required to declare the act of 1885 void. The second section of article 9 of the constitution provides : 'All laws exempting property from taxation, other than the property above enumerated, shall be void.' The exemption of 'notes or bills for work or labor done' is void under this provision and drops out of the act of 1885. The

exception falls but the act stands. It will be the duty of the assessors to assess and return such bills or notes the same as other moneyed securities in the hands of individuals."

Section 16 of said ordinance provides, "that no manufacturer who is a citizen of the city of Titusville, shall be considered a dealer or vender of merchandise within the spirit of this ordinance unless he sells goods not of his own manufacture."

We think that distinguishing such persons from the ones classified in said ordinance is a valid exercise of the power of the legislative body of said city.

We can readily understand how and why manufacturers who regularly have taxable capital invested in a plant and whose chief item of profit consists in converting the raw material into the finished product should not be classified with venders of merchandise whose chief capital consists of their stock in trade, and whose profits are derived from selling at retail at an advanced price over that of the wholesale purchase.

If the entire classification in this ordinance rested on as good, valid and reasonable grounds as does this distinction or classification, if we may so term it, we would see little to complain of.

Whether or not the merchant tailors, tinsmiths or tombstone dealers referred to in the case stated come under the manufacturers provided for by section 16, need not now be decided, nor need we decide in this action the rights of defendant against the city for a failure of its officials to enforce the ordinance against others who may properly come under its provisions.

Even were the said 16th section unconstitutional and void we do not think that would invalidate the entire ordinance: Fox's Appeal, supra.

Let us then examine the second objection to the validity of this ordinance, and bearing in mind that it is a tax levied for general revenue purposes, determine whether the taxes levied by virtue thereof, and under the classification therein adopted are forbidden by the fourteenth amendment to the federal constitution, or whether they lack that uniformity imposed by the constitution of this commonwealth.

The said amendment provides: "Nor shall any state deprive any person of life, liberty or property without due process of law ; nor deny to any person within its jurisdiction the equal protection of the laws."

It is true, as urged, that the equal protection of the laws herein enjoined is a pledge of the protection of equal laws: Yick Wo v. Hopkins, 118 U. S. 356, 369; but it does not forbid a classification of persons or property for various purposes, nor enjoin upon the legislative authorities the impossible duty of making the same or equal laws for the several classes. It does compel the equal application of the laws to all members of the same class, allowing classification, which should be based upon reasonable grounds and is not a mere arbitrary selection: Gulf, Colorado and Santa Fé Ry. v. Ellis, 165 U. S. 150, 165.

Such classification is not only allowed, but is recognized as necessary, in order that uniformity and equality of taxation, and of the just adaptation of property to its burdens, may be accomplished: W. U. Tel. Co. v. Indiana, 165 U. S. 304; Pacific Express Co. v. Seibert, 142 U. S. 339, 351.

In all cases where classification for purposes of taxation has been recognized, it has been held that the requirements of the federal constitution have been fulfilled if the rates, though different for separate classes, operate uniformly on each class: Chicago R. R. Co. v. Iowa, 94 U. S. 155, 164; Dow v. Beidelman, 125 U. S. 680; Commonwealth v. Sharon Coal Co., 164 Pa. 304; Home Ins. Co. v. New York, 134 U. S. 594, 606; Kentucky Railroad Tax Cases, 115 U. S. 321.

If the ordinance passed and the classification made therein is not in conflict with the federal constitution or some valid act of congress, the court may not say whether the law is the best that could have been enacted, or whether the common good demands or requires such a law. We can only determine whether, in such a case, the legislative body, acting under the laws and constitution of this commonwealth, had the power and authority to enact such a law.

The responsibility of the legislative body for so acting, if they had the power so to do, is not to the court, but to the people whom they represent. And for a construction of the federal laws and constitution, we must look to our federal courts, while the construction of the constitution and laws of the commonwealth, so far as they do not conflict with those of the nation, is determined by our own courts: Chicago R. R. Co. v. Iowa, 94 U. S. 155; Memphis Gas Co. v. Shelby Co., 109 U. S. 398; United States v. New Orleans, 98 U. S. 381; Meriwether

v. Garrett, 102 U. S. 472; Spencer .v. Merchant, 125 U. S. 345, 355, and the cases therein cited; Palmer v. McMahon, 133 U. S. 660, 669; Fallbrook Irrigation District v. Bradley, 164 U. S. 112, 155; Lewis v. Monson, 151 U. S. 545, 549; Iowa Central Railway Co. v. Iowa, 160 U. S. 389, 393; Central Land Co. v. Laidley, 159 U. S. 103, 109.

No objection is raised in this case as to the method of making the assessments, or arriving at valuations. The principal contention is that by virtue of the classification made unequal burdens and rates are imposed upon the several members of different classes, but it is not alleged, with the exceptions heretofore noted, that the ordinance applies to or is enforced differently against the same members of any class.

We, therefore, conclude that the ordinance in question does not violate the provisions of the federal constitution, and we must determine whether or not it is in conflict with the constitution and laws of this commonwealth.

Article 9, section 1 of our constitution declares that "all taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws." We herein have a recognition of the classification of subjects for taxation, and a provision that said taxes must be uniform as to each class.

The constitution of this commonwealth, as well as the federal constitution, not only permits classification of subjects of taxation on a proper basis, and in the approved manner, but the several classes thereby constituted may be taxed independently and differently: German Life Ins. Co. v. Commonwealth, 85 Pa. 513, 519; Commonwealth v. Canal Co., 123 Pa. 594, 620; Pittsburg v. Coyle & Co., 165 Pa. 61; Commonwealth v. Brewing Co., 145 Pa. 83, 86; Commonwealth v. Sharon Coal Co., 164 Pa. 304.

We must therefore consider whether the classification herein made produces the result of special legislation; whether taxes imposed are uniform, as required by the constitution, and whether the classification is made upon such basis as is by law required.

It is complained that wholesalers are made a distinct and separate class from retailers, and that the ordinance specially legislates in favor of the wholesalers.

This is true, so far as separately classifying the wholesale dealers is concerned, but each member of the subclass of wholesalers is treated alike, and the tax is uniform upon each member of said division or subclass.

We see no objection to classifying wholesalers and retailers separately. The same principle is involved in the subdivision of the wholesalers, as maintains in the general classification under section 3 of the ordinance, and what is said in relation thereto equally applies to the subdivision of wholesalers.

If special legislation is produced in this ordinance it is a result of the mode of classification adopted.

The several members of the respective classes and subclasses, with the exception heretofore noted, are treated alike, and the taxes imposed upon them are uniform throughout their class.

Is the classification herein made legal?

In Ayars's Appeal, 122 Pa. 266, 277, the court says: " On the contrary, the underlying principle of all the cases is that classification, with a view of legislating for either class separately, is essentially unconstitutional, unless a necessity therefor exists—a necessity springing from manifest peculiarities, clearly distinguishing those of one class from each of the other classes, and imperatively demanding legislation for each class separately, that would be useless and detrimental to others."

This is as near to a definition of the requirements for classification as our courts have attempted. It is true this refers to classification for legislative purposes, but we know of no reason why the same does not obtain in the classification for the purposes of taxation. Each class should have purposes to subserve peculiar to itself, and all its members local functions to perform which differentiates them from the members of each and every other class. When such a state of facts exists classification is not only permissible, but is necessary to subserve the purposes of the members, as a part of the body politic, as well as of their individual classes, and may be the only means whereby uniformity of taxation can be accomplished.

The classification should be according to some reasonable, practical rule, drawn from experience, which would prevent a gross inequality in the burdens of taxation: Commonwealth v. Del. Div. Canal Co., 123 Pa. 594, 620; Weinman v. Pass. Ry. Co., 118 Pa. 192, 202.

It is the legislative authority that must determine what difference in situation, circumstances, and needs call for a classification, subject, however, to the supervision of the courts, as the final interpreters of the constitution, and to see that the same is really classification and not special legislation: Lloyd v. Smith, 176 Pa. 213, 218.

The classification made by this ordinance is as follows:

RETAIL.

| Class. | Business. | Tax. |
|--------|-----------|------|
| 1 | Over $60,000 | $100 00 |
| 2 | $50,000 to 60,000 | 80 00 |
| 3 | 40,000 to 50,000 | 70 00 |
| 4 | 30,000 to 40,000 | 60 00 |
| 5 | 20,000 to 30,000 | 50 00 |
| 6 | 10,000 to 20,000 | 35 00 |
| 7 | 5,000 to 10,000 | 25 00 |
| 8 | 2,500 to 5,000 | 15 00 |
| 9 | 1,000 to 2,500 | 10 00 |
| 10 | 1,000 | 5 00 |

WHOLESALE.

| Class. | Business. | Tax. |
|--------|-----------|------|
| 1 | $100,000 and upwards | $60 00 |
| 2 | 60,000 to $100,000 | 50 00 |
| 3 | 50,000 to 60,000 | 40 00 |
| 4 | 40,000 to 50,000 | 35 00 |
| 5 | 30,000 to 40,000 | 30 00 |
| 6 | 20,000 to 30,000 | 25 00 |
| 7 | 10,000 to 20,000 | 20 00 |
| 8 | 5,000 to 10,000 | 15 00 |
| 9 | 2,500 to 5,000 | 10 00 |
| 10 | 2,500 | 5 00 |

Is this classification, made by the proper legislative authority, such as is reasonable, just and proper, or was it passed for the purpose of, or does it produce the result of special legislation for any of the respective classes?

It is urged that it is unequal and unjust. We again repeat that this may be true, as in most cases of assessments we find like results to a greater or less extent, but unless it is grossly so, or the ordinance enacted with a view or effect of producing

such results contrary to law, the place to seek relief is with the legislative authority.

It is as impossible to produce exact uniformity in levying taxes as it is to give universal satisfaction, but if no legal principles have been violated we are powerless to adjust all of the inequalities complained of.

The knowledge or judgment of the judiciary under given circumstances as to what is equitable taxation is no better than that of the legislative authority, and as this is the department upon whom is imposed the duty of making the adjustment, there it must rest, so long as they act within their authority.

It may be true that the results produced of advantage to the dealers, from the sources to which this general tax is applied, may be in the exact or at least approximate ratio of the burdens imposed by this license tax, and that the expense to the municipality in rendering such protection and producing such results is in like proportion. For example, we certainly could not say that the expense to the city of furnishing police and fire protection to the man who does $100,000 worth of business, is 100 times as great as for that of him who does $1,000 worth.

We know of no better authority to determine the proper ratio and adjust the burdens of taxation in proportion to the expense imposed and benefits received by the various subjects than the one upon which the law now imposes it.

Classification according to the amount of business done has been frequently recognized in this commonwealth and by our federal courts: Dow v. Beidelman, 125 U. S. 680, 690; Chicago R. R. Co. v. Iowa, 94 U. S. 155, 164; Allentown v. Gross, 132 Pa. 319; Hadtner v. Williamsport, 15 W. N. C. 138; Williamsport v. Wenner, 172 Pa. 173.

The last of which cases was very much like the case at bar; and a classification there adopted very similar, though not so justly discriminating as to the smaller dealers, was held to be a valid exercise of the powers of the city council.

It is argued, however, that in the case of Williamsport v. Wenner, the initial class was composed of those doing a business of $1,000 or less, and paid $1.00, "and every multiple of that amount of business paid a similar multiple of that amount of tax," and that this was "fair and equitable."

We do not find that the classification thus adopted produced

any "fairer" results than does the one at bar. What was argued is true as to the maximum of each class only, and why the man doing $1,100 worth of business and paying the same tax as the one doing $5,000 worth, can be considered any more of a fair and equitable proportionate adjustment than the one at bar, we do not clearly comprehend.

The right to make such classification seems to be settled by our courts. We are not unfamiliar with a similar classification as to sales, with different rates as to different classes in the state mercantile tax, imposed upon vendors of merchandise. True, the act by virtue of which this is made was passed prior to the adoption of our present constitution.

The right to make the classification being determined, we have no doubt as to the legislative authority to impose different "rates" upon the several classes.

And now, July 11, 1898, it is ordered that the defendant pay a fine of $72.00 to the commonwealth for the use of the city of Titusville, and the costs of prosecution, or give security therefor within ten days from this date, and in default thereof, he shall stand committed to the county jail for a period of twenty days.

Defendant appealed.

*Error assigned* was to the order of the court entering judgment in favor of the commonwealth and sentence thereon.

*Eugene Mackey*, with him *Julius Byles*, for appellant.—The main contention of appellants is the unconstitutionality of the ordinance in question because the classification of the merchants adopted by the city of Titusville conflicts with the fourteenth amendment to the federal constitution and the taxation provided for in the ordinance is not uniform as required by the federal and state constitutions: St. Louis v. Spiegel, 75 Mo. 145; Oil City v. Trust Co., 151 Pa. 454; Williamsport v. Wenner, 172 Pa. 173, 181; Allentown v. Gross, 132 Pa. 319.

All taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying them, and shall be levied and collected under general laws: Constitution of Penn. art. 9, sec. 1.

Taxes are the enforced, proportional contributions from per-

sons and property levied by the state by virtue of its sovereignty for the support of the government and for all public needs: Cooley on Taxation, 1.

In Southern Pacific Co. v. Railroad Commissioners, 78 Fed. Rep. 236, McKenna, J., in referring to the power of classification says, "The power of the state stops at injustice."

In State v. Loomis, 115 Mo. 307, Black, J., says: "Classification for legislative purposes must have some reasonable basis upon which to stand. The difference which will support class legislation must be such as in the nature of things furnish a reasonable basis for separate laws and regulations." See also Stratton v. Morris, 89 Tenn. 497.

These two latter cases were cited and approved by Mr. Justice Brewer in Gulf, Colorado and Santa Fé Railway Co. v. Ellis, 165 U. S. 150, in holding a classification adopted by the state of Texas unconstitutional, because the rule of equality was ignored.

And in Northern Pacific Railway Company v. Walker, 47 Fed. Rep. 681, Caldwell, J., said: "Property of the same kind and in the same condition, and used for the same purpose cannot be divided into different classes for the purposes of taxation, and taxed by a different rule because it belongs to different owners."

*Geo. Frank Brown,* city solicitor, for appellee.—The constitution of Pennsylvania implies the existence of classification and the right to classify in all taxation measures. The use of the words, "the same class of subjects," in the constitutional provision leads conclusively to this deduction. If there was to be no classification, why then "class of subjects?" And our courts have so construed the constitution, permitting classification of taxables and allowing the several classes to be taxed independently and differently: Germania Life Insurance Co. v. Com., 85 Pa. 513, 519; Com. v. Del. Div. Canal Co., 123 Pa. 594, 620; Kittanning Coal Co. v. Com., 79 Pa. 100; Roup's Case, 81* Pa. 211; Williamsport City v. Brown, 84 Pa. 438; Coal Ridge Imp. Co. v. Jennings, 127 Pa. 397; Pittsburg v. Coyle & Co., 165 Pa. 61; Com. v. Sharon Coal Co., 164 Pa. 304; Williamsport v. Wenner, 172 Pa. 173; Com. v. Brewing Co., 145 Pa. 83, 87.

However, it is not contended by appellee that the classification adopted in this ordinance of the city of Titusville produces absolute equality, and it is not expected of the city councils, nor of any other legislative body levying taxes, that they shall produce absolute equality in their measures. Indeed, it has been asserted in Com. v. Delaware Division Canal Co., 123 Pa. 594, 620, in passing upon the constitutional provisions relating to taxation : "Absolute equality is of course unattainable ; a mere approximate equality is all that can reasonably be expected. A mere diversity in the methods of assessment and collection, however, if these methods are provided by general laws, violates no rule of right, if when these methods are applied the results are practically uniform. If there is a substantial uniformity, however different the procedure, there is a compliance with the constitutional provisions : Fox's App., 112 Pa. 337, 353 ; even when there may be some disparity of results, if uniformity is the purpose of the legislature, there is a substantial compliance : Hunter's App., 18 W. N. 411 ; Loughlin's App., 19 W. N. 517."

Our courts have made no ironclad rule on the subject such as appellant desires to enforce, but have left the matter open largely to legislative discretion, classification not depending upon difference in the physical nature or condition of the subjects selected, but upon a variety of considerations : Com. v. Delaware Division Canal Co., 123 Pa. 594, 620 ; Bell's Gap R. R. Co. v. Pennsylvania, 134 U. S. 232, 237 ; Lloyd v. Smith, 176 Pa. 213.

Classification according to the amount of business done, or volume of business, has been recognized as a proper classification by both the courts of this commonwealth and the Federal courts : Williamsport v. Wenner, 172 Pa. 173 ; Allentown v. Gross, 132 Pa. 322 ; Com. v. Delaware Division Canal Co., 123 Pa. 594, 620 ; Hadtner v. Williamsport, 15 W. N. C. 138 ; Dow v. Beidelman, 125 U. S. 680 ; Chicago Railroad Co. v. Iowa, 94 U. S. 155, 164.

OPINION BY WILLIAM W. PORTER, J., July 28, 1899 :

The contention here arises upon a case stated. The sole question at issue is the constitutionality of an ordinance of the city of Titusville, under which a license tax is sought to

be collected. The municipal legislation is alleged to be in violation of the provisions of the federal constitution, and of the constitution of the commonwealth. The sentence imposed by the court below affects the liberty of the defendant. These are important matters, and would ordinarily lead us to a full expression of our views. The court below has, however, filed an opinion in which all the authorities seemed to have been examined with care. No question raised seems to have been overlooked or failed of adequate consideration. The conclusions reached put in application the principles adequately discussed. A repetition of the discussion would throw no additional light upon the case. We are all of opinion that the judgment of the court below should be sustained.

Judgment affirmed.