## Erie City v. Erie Electric Motor Company, Appellant.

*Municipalities—Police powers—Street railways—License tax on cars.*

A municipality has authority under its general police power to impose an annual license tax of $25.00 upon each street car run or operated upon any street or road in the city, and it is immaterial that the ordinance directs that such license tax shall be paid into the city treasury for the use of the city. In ascertaining the number of cars subject to such tax, the number of car trucks alone should be considered. It is immaterial that the car body on the truck may be changed from a winter body to a summer body. Such bodies when not in use and in the shops or car barns are merely auxiliary parts of the cars in actual use, and are not subject to the license tax.

Argued May 18, 1903.    Appeal, No. 113, April T., 1903, by defendant, from judgment of C. P. Erie Co., Sept. T., 1899, No. 228, on verdict for plaintiff in case of Erie City v. Erie Electric Motor Company.    Before RICE, P. J., BEAVER, OR-LADY, PORTER, MORRISON and HENDERSON, JJ.    Modified and affirmed.

Assumpsit to recover a license tax on street cars.    Before WALLING, P. J.

The material portions of the ordinance imposing the license tax was as follows:

" Section 1.  That there shall be levied, collected and paid within the city of Erie, by every person, firm or corporation using and operating, owning and operating or leasing and operating any street, passenger car or cars within the limits of the city of Erie, a license tax on each car so operated or run.

" Section 2.  Any and every such person, firm or corporation shall on or before the first day of June of each and every year, apply to the city treasurer for a license, which shall expire on the thirty-first day of March following, and the license year shall begin on the first day of April of each year, and include twelve calendar months, and the city treasurer shall issue such license upon the payment to him of the sum for the same, as provided for in this ordinance ; provided, that all persons, firms or corporations, commencing business after the first day of April shall pay a pro rata of the whole year, and that all licenses shall begin on the first day of the month.

" Section 3.  Each and every person, firm or corporation shall pay into the office of the city treasurer, for the use of the city, the sum of twenty-five dollars for each car run or operated upon any road in said city, and no car shall be placed, operated or run upon any road or street until it shall be regularly licensed and a certificate issued, duly numbered by the city treasurer, as he, the city treasurer, may desire, and said license shall be hung in a conspicuous place in each car."

Defendant presented these points:

1.  Under all the evidence in the case your verdict should be in favor of the defendant.  *Answer:* Refused. [2]

3.  The plaintiff is not entitled to recover in any event a license tax on any but complete cars, which is only a car body

with a truck under it, and inasmuch as it appears from the evidence that there were only forty-one trucks owned and used by the defendant company between April 1, 1889, and August 18, 1889, the plaintiff is only therefore entitled, in any event, to a verdict for a license tax on forty-one cars, being cars with car bodies and trucks, complete, and your verdict in any event should therefore not be in excess of license tax of $25.00 on each of eleven complete cars, which would be $275, with interest from June 1, 1899. *Answer:* Refused. [3]

The court charged in part as follows :

[In my opinion, under the evidence in this case the plaintiff is entitled to recover, if you believe that evidence and it is not disputed, a license tax upon forty cars.

That is, I believe that the defendant company, from the first of April, 1899, up to the 18th of August, 1899, when this suit was brought, had in use and operation seventy different cars. The plaintiff has already had judgment for want of a sufficient affidavit of defense, for thirty cars, therefore I instruct you that you should find for the plaintiff a tax of $25.00 a car on forty cars, if you believe the evidence of Mr. Wilbur, the superintendent of the defendant company.] [6]

[It would seem that during this period the defendant company used forty-one pairs of trucks, but on those trucks they used seventy different bodies. They had the winter cars, and when warm weather came they took off the winter cars and put on open summer cars.

In the case of Harrisburg City v. Citizens' Passenger Railway Company; 4 Dist. Rep. 687, Judge McPHERSON decides that that makes a new car; that the company are liable for the tax upon the winter car (the closed car with the trucks) and when they put a summer car upon the same trucks that makes another car, within the meaning of the law.

I adopt that construction and so instruct you. This case involves purely questions of law, and the responsibility of a correct decision rests upon the court. If we are wrong it can be corrected, hereafter, but under the evidence in this case, if you believe the evidence, I instruct you to find a verdict for the plaintiff for the tax on forty cars at $25.00 a car, making $1,000, with interest thereon from the first day of June, 1899

—two years and nine months in round numbers—which interest amounts to $165, and that makes $1,165. If you believe the evidence of Mr. Wilbur, you should return a verdict for the plaintiff for the sum of $1,165.] [7]

Verdict and judgment for plaintiff for $1,165. Defendant appealed.

*Errors assigned* were (2, 3, 6, 7) above instructions, quoting them.

*J. M. Sherwin*, with him *S. A. Davenport*, for appellant.— Defendant contends that the ordinance is fatally defective and illegal in that it refers only to a portion of the class of vehicles embraced in the original act of 1899, P. L. 278–287 : Sayre Borough v. Phillips, 148 Pa. 482.

Defendant, while denying all liability, contends that in no event can it be called upon to pay a license fee except upon complete cars: Harrisburg v. Citizens' Pass. Ry. Co., 4 Pa. Dist. Rep. 687 ; Mayor v. Third Ave. R. R. Co., 117 N. Y. 404.

The plaintiff is not entitled to recover because the ordinance in question was passed under the act approved May 23, 1889, providing for license "for general revenue purposes:" Oil City v. Oil City Trust Co., 151 Pa. 454 ; Weimer's Penna. R. R. Law, 845 ; Western N. Y. R. R. Co. v. Venango County, 183 Pa. 618 ; Northampton v. Easton Pass. Ry. Co., 148 Pa. 282 ; Williamsport v. Wenner, 172 Pa. 173.

*Charles P. Hewes*, with him *William G. Crosby*, city solicitor, for appellee.—An ordinance compelling the payment of a license fee or tax upon street cars is within the police power of a municipality : Johnson v. Philadelphia, 60 Pa. 445 ; Union Pass. Ry. Co. v. Philadelphia, 83 Pa. 429, affirmed in 101 U. S. 528 ; McKeesport City v. McKeesport, etc., Pass. Ry. Co., 2 Pa. Superior Ct. 242 ; North Braddock Boro. v. Second Avenue Traction Co., 8 Pa. Superior Ct. 233 ; City of Allentown v. W. U. Tel. Co., 148 Pa. 117 ; Chester City v. W. U. Tel. Co., 154 Pa. 464 ; Philadelphia v. Am. Union Tel. Co., 167 Pa. 406.

We submit the license tax of $25.00 a car is not unreason-

able : McKeesport City v. McKeesport, etc., Pass. Ry. Co., 2 Pa. Superior Ct. 242 ; North Braddock Boro. v. Second Avenue Traction Co., 8 Pa. Superior Ct. 233 ; Frankford, etc., Pass. Ry. Co. v. Philadelphia, 58 Pa. 119 ; Harrisburg City v. East Harrisburg Pass. Ry. Co., 4 Pa. Dist. Rep. 683 ; Harrisburg City v. Citizens' Pass. Ry. Co., 4 Pa. Dist. Rep. 687.

If for the sake of economy the defendant company saw fit to make one set of trucks answer for two bodies and was able to combine the parts so as to produce a summer car or a winter car at pleasure, and it enjoyed the same advantages as if all bodies were complete with trucks, the defendant is liable to pay a license on both sets of bodies : Harrisburg v. Citizens' Pass. Ry. Co., 4 Pa. Dist. Rep. 687.

OPINION BY ORLADY, J., December 19, 1903 :

The state cannot bargain away its right to exercise at all times its police power, nor can a municipality to which is delegated the state's police power over streets and highways enter into any contract by which the free exercise of the power granted can be abridged, limited or destroyed: McKeesport v. McKeesport, etc., Passenger Railway Company, 2 Pa. Superior Ct. 242, 249 ; New Hope Boro. v. Postal Tel. Cable Co., 202 Pa. 532 ; North Braddock Boro. v. Second Avenue Traction Co., 8 Pa. Superior Ct. 233.

In these cases there are a number of authorities collated in which the Supreme Court and this court have held that a reasonable annual license fee imposed by a municipality on poles, wires and street cars in use within the municipality is a valid exercise of its police power. The defendant company has charter rights from the state to construct its railway and contract rights from the city to operate its cars on the public streets, and it is undoubtedly a purchaser of these privileges, so that it cannot be deprived of them by any action of the city. However, the grant of a privilege to carry passengers in cars over the streets does not involve exemption from liability to municipal regulation. When the legislature creates a corporation, and authorizes it to carry on a specified business within the limits of a municipality, it is to be presumed that the business is intended to be conducted under the restrictions, rules and regulations that govern the same business when transacted

by others within the same corporate limits : Frankford, etc., Pass. Ry. Co. v. Phila., 58 Pa. 119. The multiplicity of uses to which public streets are now subjected, such as construction and maintenance on, under and over the surface for the transmission of water, gas, sewage, light, heat and power, the carriage of passengers in cars propelled by steam or electricity imposes an imperative duty on the municipal authorities to provide proper rules and regulations for their use and occupancy in order that the safety of the citizens may be insured and the public use of the highways may be interfered with as little as possible. The ordinance in question does not depend for its validity upon the Act of May 23, 1889, P. L. 277, entitled " An act providing for the incorporation and government of cities of the third class." The power to impose reasonable regulations, including a license tax on street railway cars, existed before the passage of that act and is not abridged by any of its provisions. City of Allentown v. Gross, 132 Pa. 319 ; Williamsport v. Wenner, 172 Pa. 173, and Commonwealth v. Clark, 195 Pa. 634, are not in conflict with the inherent right in the municipality to regulate under its general police powers, the use of cars upon the public streets.

The state may choose its own agents in its own way to carry out its commands in regard to the taxing, or police or other general powers : Knisely v. Cotterel, 196 Pa. 614. This is not a tax imposed upon the property of the corporation but an annual license charge in the sum of $25.00 for each car run or operated upon any road in said city and providing " that no car shall be placed, operated or run upon any road or street until it shall be regularly licensed and a certificate issued, duly numbered by the city treasurer." It is not a tax upon business done or upon property, but a license tax to legalize the use of a car for carrying passengers upon the public streets.

That the tax required by the ordinance shall be "paid into the office of the city treasury for the use of the city," and thus incidentally augment the revenues of the city does not change the character of the tax nor show that the ordinance was enacted for the purpose of raising revenue by taxation of the defendant's company. The treasury of the city is the only channel through which such licenses, fines and penalties can be properly received and disbursed. On its face the ordinance

purports to impose a license tax as a police regulation on each car run and operated upon any road in said city. The presumption is that it is what it professes to be, and it is not invalidated by the use to which the license fee is subsequently applied. See Johnson v. Philadelphia, 60 Pa. 445.

The amount of the license tax imposed on each car is not challenged as unreasonable, the weight of the argument being directed to ascertaining the true number of cars for which the company is liable.

From the undisputed testimony it appears that the company had forty-nine complete car trucks, which could be used with its eighty car bodies. The car bodies were so constructed that twenty-one of the whole number could be used on summer or open cars as might be indicated or needful for the public comfort or economic management of the corporate business. Eight of the trucks were not used so that but forty-one were in use for either closed or open bodies, and these forty-one were in service during the license year. While each part of a car-truck or body is a necessary constituent of a completed car, in determining the largest possible number of entire cars to be formed by assembling the trucks and bodies, we are limited to the possible number of available car trucks. The trucks are the primary or principal part of the car and the body is secondary. The trucks could be used on the streets irrespective of the kind of car body, and without the trucks the bodies were useless. Whether the trucks were mounted with a winter or a summer body or with a flat platform, there could not be more than forty-nine cars made up from the whole equipment of the company. The company could effect as many combinations as it had car bodies, yet that number would not represent the correct number of cars it could run and operate, and a tax imposed on the whole number of car bodies would necessarily impose a tax on a truck which had been licensed with another car body. The unused parts of a car in the shops or car barns which were held in reserve for climatic changes and substituted to meet such exigencies are only auxiliary parts of the cars in actual use.

At the time of the trial the plaintiff had obtained judgment, for want of a sufficient affidavit of defense, for the tax on thirty cars, to wit: $750, and the court held " that the company was

liable for the tax on a winter car (the closed car with the trucks) and when they put a summer car upon the same trucks, that makes another car within the meaning of the law," and the jury was instructed to return a verdict for the tax on forty cars, to wit : $1,000 with interest.

The system of computation was erroneous, and we now modify the judgment in accordance with the reasons above given, and enter judgment in favor of the plaintiff on this appeal for the tax on eleven cars at $25.00 a car, making $275 with interest from June 1, 1899, in addition to the judgment entered for want of a sufficient affidavit of defence by which the company is held to be liable for the license tax on forty-one cars used and operated during the period mentioned.