# The Borough of Ridley Park *v.* The Citizen's Electric Light and Power Company, Appellant.

*Ordinance—Prima facies of valid ordinance—Evidence.*

In order that a municipal ordinance may be admissible in evidence it is not necessary to prove affirmatively the preliminary steps taken in passing it. The ordinance book is prima facie evidence of the validity of the ordinance, and if anything essential to its validity has been omitted in passing it, the party resisting must show such omission.

*Boroughs—License tax on electric light poles—Police power.*

A borough is a public municipal corporation and has, within its sphere, all the powers necessary for its corporate existence. An ordinance requiring an electric light company to pay a fixed sum for each of its poles comes within the police powers over its streets given by the Act of 1851, P. L. 320, to boroughs.

On principle and authority, and qualitative relation between cities and boroughs, boroughs have equal powers with cities to impose a license tax for the poles of electric light companies erected in the borough streets.

Argued Nov. 23, 1898. Appeal, No. 103, Oct. T., 1898, by defendant, from judgment of C. P. Delaware Co., June T., 1897, No. 176, on verdict for plaintiff. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by SMITH, J.

Assumpsit. Before CLAYTON, P. J.

It appears from the evidence that defendant company was authorized to erect poles and run wires for the purpose of its business in and over the avenues, streets and alleys of the borough in consideration of which it was to furnish and maintain certain street lights free of charge as long as the poles of the company remained in the borough. In carrying out the contract the company erected 118 poles to be used in connection with its business. Subsequently on May 18, 1896, the borough council passed an ordinance requiring a license fee of $1.00 to be taken out. This was while the contract for lighting the streets was in force and while the ordinance of September 10, 1890, providing for the furnishing of free lights was also in force and complied with by defendant.

Verdict and judgment for plaintiff for $125.08. Defendant appealed.

*Errors assigned* were (1) in admitting in evidence the ordinance of May 18, 1896, notwithstanding objection of defendant. (2–5) In not affirming first, second, third and fourth points of defendant, which were: "1. No license fees are due for poles erected and used in, and necessary for the carrying out of the contract for lighting the streets of the borough made between the plaintiff and defendant.    2. No license fees are due on poles erected previous to the passage of the ordinance.  3. Under all the evidence the defendant, if liable at all, is liable only to the payment of a reasonable sum to cover the expense of supervision and inspection of poles, and the burden of proving what is such reasonable sum is on the plaintiff, and if the plaintiff has been to no expense for such inspection there can be no recovery.  4. Under all the evidence the verdict must be for the defendant."    (6) In entering judgment for plaintiff.

*J. B. Hannum*, for appellant.—The oral testimony shows that the ordinance was passed and approved May 18, 1896, and was published and posted.   Is this sufficient, or in other words, can the publication of an ordinance be proved except by the record or advertisement book?

The burden of proving a valid ordinance was on the plaintiff: Grier v. Homestead Borough, 6 Pa. Superior Ct. 542.

Under the general borough act of 1851 the borough has no power to demand license fees for electric light poles erected on the highways of the borough.

While it has been held in a number of cases that a municipality has a right, and it is its duty, to supervise and control the erection and maintenance of telegraph poles and similar poles within its limits, Phila. v. American Union Tel. Co., 167 Pa. 406 ; McKeesport v. Pass. Ry. Co., 2 Pa. Superior Ct. 242, yet it has never been held by any of the higher courts that a borough is such a municipality, as has this power.   All the cases have been city cases, and in McKeesport City v. Pass. Ry. Co., the court says the city gets authority from the Act of May 23, 1889, P. L. 274, art. 5, sec. 3.

A borough ordinance must be confined to the particular subjects referred to in the twenty-six paragraphs of section 2, Act of April 3, 1851, P. L. 320 : Borough of Millerstown v. Bell, 123 Pa. 151 ; Borough of Archbald v. Pres., etc., of D. & H. C. Co., 3 Lack. Jur. 189

In the case of the Borough of Philipsburg v. Central Telephone Co., 22 W. N. C. 572, it was held that a borough had no power to impose a license fee on the poles of a telephone company, and it was also in the same case said that they would have no power to impose license fees on poles already up when the ordinance was passed.

Nor can the borough require the defendant to pay license fees on poles which were erected and used in and necessary for the carrying out of the contract between the borough and the defendant.

The objection to a law on the ground of its impairing the obligation of a contract can never depend upon the extent of the change which the law effects in it. Any deviation from its terms, by postponing or accelerating the period of performance which it prescribes, imposing conditions not expressed in the contract or dispensing with those which are, however, minute or apparently immaterial in their effect upon a contract of the parties, impairs its obligation: Green v. Biddle, 21 U. S. 84; Robinson v. Magee, 9 Cal. 81; Nelson v. Allen, 1 Yerg. (Tenn.) 360.

*Frank R. Savidge*, for appellee.—No distinction can be made between a borough and a city in the proper exercise of police power, which vests in municipalities and is their duty to exercise: Borough v. Phillips, 148 Pa. 482; McKeesport v. Ry. Co., 2 Pa. Superior Ct. 244.

The police power over the poles exists without reference to when they were erected. The police power exists either before or after an act done which it regulates: Dillon on Munc. Corp. secs. 141, 142.

Every municipality, at all times, owes its citizens the duty of rigid exercise of its police power, which cannot be bargained away. It has always been held to be out of the power of a council to enter into any contract whatsoever to prevent another council from passing a police regulation: McKeesport v. Pass. Ry. Co., 2 Pa. Superior Ct. 242; Frankfort & Phila. Pass. Ry. v. Phila., 58 Pa. 119; Union Pass. Ry. Co. v. Phila., 83 Pa. 429.

OPINION BY SMITH, J., March 23, 1899:

This action was brought to recover the amount due from the

defendant under an ordinance requiring a license fee to be paid for the maintenance and use of poles in the highways of the borough. Payment is resisted on the grounds : (*a*) That no valid ordinance has been shown to warrant the imposition of such license fee ; (*b*) that the borough has no power to impose such fee. The borough was incorporated under the general borough law of 1851. The ordinance in question is admittedly sufficient in terms to embrace the license fee imposed ; it was passed by the council, signed by the president, and approved by the chief burgess, May 18, 1896. On the margin of the ordinance book these words are entered: " Published May 20th and posted according to law. F. D. Kane." It was shown that F. D. Kane was the clerk of council at the time this ordinance was adopted. But it is contended that in order to have the ordinance admitted in evidence as the foundation of the action, the plaintiff must show, affirmatively, that all the preliminary steps towards its final adoption were duly taken. We have already held the contrary. In Grier v. Homestead Borough, 6 Pa. Superior Ct. 542, we said : " It was not necessary to prove the preliminary steps taken in passing and publishing the ordinance, as it is well held that the ordinance book is prima facie evidence of the validity of the ordinance, and if anything essential to its validity has been omitted in passing or publishing it, it devolves upon the party resisting it to show such invalidity : Prell v. McDonald, 7 Kan. 266 ; s. c. 12 Am. Rep. 423 ; City of Atchison v. King, 9 Kan. 375. To hold otherwise, would make it necessary to prove that the advertisements were of the statutory number, or that the posting places were the most public in the borough ; but while admissible as an ordinance, it is subject to attack, and proof may be adduced to show that it was not legally published and posted, and hence was inoperative." It was unnecessary, therefore, for the plaintiff to offer further proof, in the first instance, of the formal adoption of the ordinance. No evidence whatever was given by the defendant on this point, and the only basis for the argument that the ordinance was not properly advertised was elicited on cross-examination of the plaintiff's witness. This was wholly insufficient and did not amount to a scintilla of proof. So far as it applied its tendency was in support of the presumption that publication had been made as required by law. The entry in the ordinance book, where the

ordinance is recorded and its passage noted, that the ordinance was published and posted according to law, is a sufficient record of that fact. The ordinance book shows, prima facie, the existence of a valid ordinance and, as such, it was properly admitted in evidence. The first specification is overruled.

The remaining specifications relate to the power of the borough to exact license fees for poles erected in the streets of the borough. A borough is a public municipal corporation and has, within its sphere, all the powers necessary for its corporate existence. Its corporate officers have the power to enact such ordinances "as they shall deem necessary for the good order and government of the borough," not inconsistent with the laws of this commonwealth. It is urged that the section of the act of 1851 from which this general power is quoted must be confined to the twenty-five subsequent sections wherein this authority is specifically set forth, and Millerstown v. Bell, 123 Pa. 151, a case involving the validity of a borough ordinance, is cited in support of this proposition. But it is to be observed that in the same paragraph suggesting this restriction, the Supreme Court distinguish the ordinance under consideration in that case from "An ordinance requiring a telegraph company to pay a fixed sum for each of its poles, for this comes within the police power over the streets given by the same act." Thus the power contended for here is expressly recognized by that tribunal. It is argued that the powers of a city to supervise and regulate the erection of poles in the streets do not extend to boroughs incorporated under the act of 1851. Whatever ground may have existed in the past for this distinction has been practically removed by legislation within the last decade. Cities and boroughs are created for the public welfare with powers to be exercised solely for that purpose. The functions of each with regard to the public streets are practically identical and recent legislation on this subject regulates both by the same enactments. It necessarily follows that powers and duties thus united extend alike to both municipalities. The police power of the state when exercised by either has been applied uniformly to both when dealing with the same subject: Borough v. Phillips, 148 Pa. 482. When thus exercised in common for a like purpose, it should have the same scope, force and effect. The argument here that this power may be exercised

by cities in imposing a license tax on street railway poles, but cannot be exercised by boroughs under like conditions, is illogical and opposed to the trend of judicial decision.

On principle and authority and the qualitative relation between cities and boroughs on the point at issue, we hold that boroughs have equal power with cities to impose a license tax for the poles of electric light companies erected in the borough streets.    We cannot say that the license fee imposed was unreasonable.

The specifications of error are all overruled and the judgment is affirmed.

