# Kittanning Electric Light, Heat and Power Company, Appellant, *v.* Kittanning Borough.

*Boroughs—License tax on electric companies—Discretion of municipal authorities—Review thereof by the courts.*

Boroughs may impose a license fee upon poles and wires of electric light companies in the exercise of police powers. The reasonableness of the license fee, as to amount, is first to be determined by the borough authorities and their act is reversible by the court only on conviction of clear abuse of discretion.

*Municipal law—Police powers may not be waived.*

A municipality cannot waive or bargain away the rights to the exercise of police powers delegated by the state.

Argued May 9, 1899.   Appeal, No. 107, April T., 1899, by plaintiff, from judgment of C. P. Armstrong Co., June T., 1897, No. 265, on verdict for defendant. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by W. W. PORTER, J.

Appeal from justice of the peace. Before RAYBURN, P. J.

It appears from the record and evidence that the plaintiff company previous to entering upon any of the streets or alleys of the defendant borough, presented a petition to said defendant borough for permission to enter upon said streets and alleys to erect the poles and wires necessary for the transportation of light, heat and power to their patrons.

This permission was granted to the plaintiff company by defendant borough under certain restrictions as to the location of poles and wires, and care of the streets, conditioned that plaintiff company should have their plant in operation at a certain time, and for the further consideration that plaintiff company furnish free of charge, sufficient electricity for lighting the council room and the engine rooms of said defendant borough and the necessary connecting wires thereto.

On September 19, 1892, the defendant borough desired to have its streets lighted by electric arc lights, and entered into a contract with plaintiff company for twenty arc lights for five years from January 1, 1893, at a certain price per light per year, to wit: $60.00, with a provision in said contract for other

lights if required by defendant borough at the same rate, which contract was accepted and agreed to by the defendant borough.

The bill for the quarter ending January 1, 1897, being $382.50, was not paid by defendant borough, a claim being made by it for a reduction of $4.16 for lights alleged to have been out during the quarter.

On December 4, 1895, the defendant borough enacted an ordinance, imposing a license tax upon the poles and wires of telegraph, telephone, electric light, street railway and railroad companies at $1.00 per annum upon each pole and $2.50 per annum upon each mile of wire.

The plaintiff company has always refused to pay this tax and upon bringing suit against defendant borough for amount due on its contract for light, the defendant borough insist upon the said pole and wire tax as a proper offset to plaintiff's claim.

The contract of plaintiff company with defendant borough did not expire until January 1, 1898.

The tax for poles and wires asked for by defendant borough is claimed to be due January 1, 1896, and January 1, 1897.

Plaintiff presented, inter alia, the following points :

[1. That the defendant borough having entered into a specific contract with the plaintiff company for furnishing of lights for the lighting of the streets upon certain terms and conditions, and the plaintiff having pursuant to said contract, furnished light for the borough, to wit: twenty-five lights, to be paid for by the borough at the rate of $60.00 per year, and one other light which the borough was to pay at the rate of $30.00 per year, for which said lights the quarterly payment was due payable on the 31st day of December, 1896, to wit: the sum of $382.50, upon which the sum of $255 was paid, leaving a balance of $127.50, the verdict of the jury should therefore be rendered in favor of the plaintiff for the sum of $127.50, with interest from the 31st day of December, 1896. *Answer:* That point is refused; but we say to you, that there is not any dispute in this case about what the defendant borough owes to the company, $127.50, and did so on the 31st day of December, 1896, but the defense as put in by the borough is, that the company owes them for a certain license fee or tax upon certain poles, which we will explain to you in answer to the other points.] [1]

[4. That such license fee or tax is not proper matter of set-off or claim in this suit; but if collectible in any event, should be by an independent suit or action. *Answer:* We refuse the request.] [3]

Defendant submitted the following points:

[2. That the borough of Kittanning had full and ample power under the police powers delegated to it by the state to enact the ordinance offered in evidence in this case, by which certain license fees were imposed upon electric light and other poles and wires maintained upon the streets and highways of said borough of Kittanning by the Electric Light, Telegraph or other companies. *Answer:* That is affirmed.] [11]

[3. The amount of the license fee rests solely with the council of the municipality. It is only where such discretion has been abused, that the court can interfere. It cannot be said that this discretion has been abused in this case, or that the license fee is unreasonable; therefore, the defendant borough of Kittanning is entitled to recover $1.00 for each pole and $2.50 for each mile of wire occupying the streets and highways of said borough, and owned by the plaintiff in this case, and interest upon each year's amount of license. *Answer:* That point we affirm.] [12]

*Errors assigned* among others were (1, 3) in refusing plaintiff's first and fourth points, reciting same. (11, 12) In affirming defendant's second and third points, reciting points and answers.

*J. H. Painter*, with him *James B. Neale*, for appellant.

*J. T. Crawford*, with him *Floy C. Jones*, for appellee.

OPINION BY WILLIAM W. PORTER, J., July 28, 1899:

Had the case of Borough of Ridley Park v. Electric Co., 9 Pa. Superior Ct. 615, been reported before the preparation of the arguments in this case much of the discussion would possibly have been omitted. As was there said and repeated in the opinion filed this day in the case of Borough of North Braddock v. Telegraph Co., boroughs may impose a license fee upon poles and wires of electric light companies in the exercise

of the police power.  The license fee is not levied as a tax, and is payable, although the company may be charged by legislative enactment with the payment of a tax upon its capital stock.  The reasonableness of the license fee as to amount is first to be determined by the borough authorities.  Their act is reversible by the court only on conviction of a clear abuse of discretion: Borough of North Braddock v. Traction Co., 8 Pa. Superior Ct. 233.  There is neither evidence nor offer of evidence in this case to prove such unreasonableness of amount as would warrant the court in favorably considering the complaint that there was a violation of official duty.  It is claimed however that the consent of the borough to the erection of the plaintiff's poles was obtained on stipulated terms; that these terms have been complied with by the plaintiff company; that the imposition of this license fee is in effect a violation of the borough's contract, and should for this reason render the fee uncollectible.

This is not tenable ground.  There was no attempt made by the parties to contract against the subsequent imposition of a license fee, and had there been, it would have availed nothing. A municipality cannot waive or bargain away the right to exercise of police powers delegated by the state : McKeesport City v. Pass. Ry. Co., 2 Pa. Superior Ct. 242, 249.

The appellant further contends that the passage of two later ordinances consenting to the entrance of a telephone company and a railway company upon its streets and imposing as a condition of such consent the payment of a fee of $1.00 per pole (and no fee based on mileage of wire) in the case of the telephone company and $1.00 per car in the case of the railway company, works a discrimination which invalidates or repeals the ordinance imposing the license fee (here in controversy) on all telegraph, telephone, railway, etc., companies.  We cannot assent to this.  There is no reference to the license fee imposed by virtue of the police power in the two ordinances referred to and the payments imposed by them are conditions tacked to the consent to occupy the highways.  The two ordinances do not in our opinion necessarily conflict with the license ordinance.

We have been unable to find any sufficient reason presented by the appellant for the reversal of the court below.  The judgment is therefore affirmed.