# New Hope Borough v. Western Union Telegraph Company.

*Boroughs—License tax on telegraph companies—Police power.*

The adoption by a borough of an ordinance imposing a reasonable annual fee for each pole and each mile of suspended wire erected and maintained by telegraph, telephone and electric light companies within the borough limits is a valid exercise of police power.

*Constitutional law—Interstate commerce clause—License tax on telegraph companies.*

An ordinance of a borough imposing a reasonable annual license fee for each pole and each mile of wire erected and maintained by a telegraph company, is not, as to telegraph companies engaged in the business of transmitting messages between the several states of the Union, a violation of the commerce clause of the federal constitution.

*Boroughs—License fees on poles and wires of telegraph company.*

In an action by a borough against a telegraph company to recover a license fee on poles and wires for a particular year, the same being payable at the beginning of the year, the fact that the borough did not expend

money for inspection, supervision or police surveillance of the poles and wires in that year is not a defense.

The courts will not declare such ordinance void because of the alleged unreasonableness of the fee charged, unless the unreasonableness be so clearly apparent as to demonstrate an abuse of discretion on the part of the municipal authorities.

A borough ordinance imposing a license fee of $1.00 per year for each telegraph pole and $2.50 per year for every mile of telegraph and telephone wire in the borough will be sustained, although the evidence shows that the telegraph company maintained no office in the borough, and that the wires were used by the company wholly for the transmission of messages between different states and between this country and foreign countries.

*Boroughs—License fees—Telegraph companies—Question for court.*

In an action to recover a license fee imposed upon telegraph companies by a borough, where the facts are not in dispute, the question of the reasonableness of the license fee is for the court, and if the court submits the question of the reasonableness of the fee to the jury, it is an error of which the telegraph company cannot complain.

Argued Nov. 20, 1900.   Appeal, No. 101, Oct. T., 1900, by defendant, from judgment of C. P. Bucks Co., Jan. T,, 1899, No. 11, on verdict for plaintiff in case of Borough of New Hope *v.* Western Union Telegraph Company.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit to recover license fees imposed upon telegraph companies.   Before YERKES, P. J.

At the trial it appeared that on July 10, 1894, the borough of New Hope passed an ordinance, by which it was provided that for the maintenance of each and every telegraph, telephone, and electric light pole within the limits of the said borough, the owner or lessee thereof should pay to the borough treasurer an annual license fee of $1.00, and for the maintenance of each and every mile of telegraph, telephone and electric light wire, $2.50. The plaintiff brought this action to recover from the defendant the sum of $500, being the license fees imposed by said ordinance upon seventy-five poles, and twenty-five miles of wire for the four years from 1895 to 1898, inclusive.

The poles and wires situate in the borough of New Hope, and upon which these license fees were sought to be imposed, were used by the defendant wholly for the transmission of telegraphic

messages between the different states of the United States and for cable messages to be transmitted from the United States to other countries, and no office was maintained by the defendant in the borough of New Hope.

The defendant alleged that under these circumstances there was no power in the borough of New Hope to levy such a license tax by ordinance or otherwise, or any authority for so doing, since the defendant, in the transaction of the business carried on by means of said poles and wires, was engaged in the transaction of commerce between the states and between the United States and foreign countries; that the license fees in question amounted to a regulation of commerce between the states, and that the ordinances were therefore void.

The court was asked upon the trial to so charge, but the case was left to the jury to determine the question of whether or not the license fees were reasonable.

Verdict and judgment for plaintiff for $377.40. Defendant appealed.

*Error assigned* amongst others was in refusing binding instruction for defendant.

*H. B. Gill,* with him *Silas W. Pettit, John R. Read* and *Robert M. Yardley,* for appellant.—A state cannot, under the guise of a license tax, exclude from its jurisdiction a foreign corporation engaged in interstate commerce, or impose any burdens upon such commerce within its limits: Norfolk & Western R. R. Co. v. Com. of Penna., 136 U. S. 114; McCall v. California, 136 U. S. 104; Pensacola Telegraph Co. v. Western Union Telegraph Co., 96 U. S. 1; Brennan v. Titusville, 153 U. S. 289.

*William C. Ryan,* for appellee, cited: Brennan v. Titusville, 153 U. S. 289; Allentown v. Western Union Tel. Co., 148 Pa. 117; Philadelphia v. American Union Tel. Co., 167 Pa. 406; North Braddock Borough v. Central District & Printing Tel. Co., 11 Pa. Superior Ct. 24; Western Union Tel. Co. v. Philadelphia, 22 W. N. C. 39; Chester v. Phila., Reading & Pottsville Telegraph Co., 148 Pa. 120; Borough of Ridley Park v. Citizens' Electric Light & Power Co., 9 Pa. Superior Ct. 615;

Borough of Lansdowne v. The Delaware County & Philadelphia Electric Railway Co., 9 Pa. Superior Ct. 621 ; Kittanning Electric Light, Heat & Power Co. v. Kittanning Borough, 11 Pa. Superior Ct. 31.

PER CURIAM, February 14, 1901 :

It has been decided, first, that the adoption by a city of an ordinance imposing a reasonable annual license fee for each pole and each mile of suspended wire erected and maintained by telegraph, telephone and electric light companies within city limits is a valid exercise of police power; second, that boroughs have equal powers with cities in that regard ; third, that such ordinance is not, as to telegraph companies engaged in the business of transmitting messages between the several states of the Union, in violation of the commerce clause of the federal constitution ; fourth, that in an action to recover the license fee for a particular year, the same being payable at the beginning of the year, the fact that the borough or city did not expend money for inspection, supervision, or police surveillance of the poles and wires in that year is not a defense; fifth, that the courts will not declare such ordinance void because of the alleged unreasonableness of the fee charged, unless the unreasonableness be so clearly apparent as to demonstrate an abuse of discretion on the part of the municipal authorities : Western Union Tel. Co. v. Philadelphia, 22 W. N. C. 39 ; s. c. 11 Cent. Repr. 192 ; Allentown v. Western Union Tel. Co., 148 Pa. 117 ; Chester v. Phila., Reading & Pottsville Tel. Co., 148 Pa. 120 ; Chester v. Western Union Tel. Co., 154 Pa. 466 ; Philadelphia v. Am. Union Tel. Co., 167 Pa. 406 ; Ridley Park v. Citizens' Electric Light & Power Co., 9 Pa. Superior Ct. 615 ; Lansdowne v. Citizens' Electric Light & Power Co., 9 Pa. Superior Ct. 620 ; North Braddock v. Central District & Printing Tel. Co., 11 Pa. Superior Ct. 24 ; Kittanning Electric Light Co. v. Kittanning, 11 Pa. Superior Ct. 31. · See also McKeesport v. McKeesport, etc., Pass. Ry., Co., 2 Pa. Superior Ct. 242 ; North Braddock v. Second Ave. Traction Co., 8 Pa. Superior Ct. 233 ; Lansdowne v. Delaware County, etc., Electric Ry. Co., 9 Pa. Superior Ct. 621 ; Taylor Boro. v. Central Penna. Telephone, etc., Co., 8 Pa. Dist. Repr. 92.

In many of the foregoing cases the license fee was the same as that imposed by the ordinance under consideration. In none

of the cases was the ordinance declared void for unreasonableness, although it was inferentially conceded that a case might arise where the license fee would be so grossly disproportioned to the burden imposed upon the municipality in consequence of the erection and maintenance of the poles and wires as to warrant the court in presuming that the ordinance was a revenue measure, not a police regulation.  None of the cases lay down a fixed and invariable rule by which that question is to be determined, but after a comparison of the facts developed on the trial of this case, with the facts of some of the cases above cited, we have been led by the conclusion that the court would not have been justified by the precedents in declaring the ordinance void.  The facts being undisputed, we take it that the question of the validity of the ordinance was for the court to decide.  But, if on the undisputed facts, the court would not have been warranted in declaring the ordinance void, the submission of the question of the reasonableness of the fee to the jury was an error of which the defendant has no just cause to complain.

Judgment affirmed.