# Braddock Borough *v.* Allegheny County Telephone Company, Appellant.

*Telephone companies—License tax—Taxation—Borough ordinance—Police power.*

The nature of the charge imposed by a municipal ordinance on telegraph and telephone poles and wires does not depend on the descriptive term that may be applied to it.   The charge is not imposed in the exercise of the taxing power, for general revenue purposes, but in the exercise of the police power, to meet the expense arising from the duty of municipal supervision.   Hence it is wholly immaterial whether the amount fixed for this purpose is designated as a license tax, a license fee, or a police charge. The only question that can be raised respecting it is whether it is reasonable, under the circumstances.

A borough ordinance granting to a telephone company the right to erect its lines, and providing for a limited free service for borough purposes and exempting the telephone company in consideration of the free service, from taxation and special assessments in the nature of taxation, do not relieve the company from a license tax on poles and wires fixed by a prior ordinance.   The borough has no power to exempt the company from charges arising from the exercise of the police power.

Argued April 13, 1904.   Appeal, No. 44, April T., 1904, by

defendant, from order of C. P. No. 3, Allegheny Co., May T., 1903, No. 507, making absolute rule for judgment, for want of a sufficient affidavit of defense, in case of Braddock Borough v. Allegheny County Telephone Company.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Assumpsit to recover license fees.

From the record it appeared that on February 6, 1894, the councils of the borough passed an ordinance " Regulating poles and suspended wires and requiring the same to be licensed."

The plaintiff claimed that under this ordinance, the defendant company is indebted to it in a large sum for the license fees therein required to be paid by said company. The defendant claimed exemption from the license fees required by said ordinance by virtue of the 4th section of the ordinance granting to it the use of the streets of the borough, passed June 16, 1896.

The terms of the fourth section are as follows:

" In consideration of this grant and in lieu of all taxation and special assessments in the nature of taxation upon said company, its successors and assigns, by the said borough, said company, its successors and assigns, obligates itself to do the following things."

The affidavit of defense alleged the performance of the things thus undertaken, and its consequent exemption from the claim of the plaintiff under the ordinance of 1894.

The court made absolute the rule for judgment, for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*John S. Weller*, for appellant.

*William Yost*, for appellee.

OPINION BY SMITH, J., July 28, 1904:

The nature of the charge imposed by a municipal ordinance on telegraph and telephone poles and wires does not depend on the descriptive term that may be applied to it. The charge

is not imposed in the exercise of the taxing power, for general revenue purposes, but in the exercise of the police power, to meet the expense arising from the duty of municipal supervision. Hence it is wholly immaterial whether the amount fixed for this purpose is designated as a license tax, a license fee, or a police charge. The only question that can be raised respecting it.is whether it is reasonable, under the circumstances. It has repeatedly been determined, by the Supreme Court and by this court, that an ordinance in the terms of the one before us in the present case is a reasonable and valid exercise of the police power. The principles on which the validity of such ordinances are to be determined were clearly defined, and the authorities cited, in New Hope Borough v. Telegraph Co., 16. Pa. Superior Ct. 306, and the decision of this court in that case was affirmed by the Supreme Court in 202 Pa. 532, and by the United States Supreme Court in 187 U. S. 419 (23 Sup. Ct. Repr. 204). This branch of the case has passed out of the field of discussion, and requires no further comment.

Section 4 of the ordinance of 1896, granting the defendant authority to erect its lines, provides for maximum rates for telephone service to the public, a limited free service for borough purposes, with a reduced rate for service beyond this, and certain privileges in the use of the telephone lines; and these are declared to be " in consideration of this grant, and in lieu of all taxation and special assessments in the nature of taxation upon said company by said borough." The defendant alleges its acceptance of the grant on these terms, and its compliance with the requirements of the ordinance, as exempting it from the charges fixed by the ordinance of 1894, on which the action is brought.

If there is any municipal tax, or assessment in the nature of a tax, which it is the purpose of the ordinance of 1896 to remit, in consideration of the stipulated service, no question respecting it is presented here. In a legal sense, the payment required by the ordinance of 1894 is neither taxation nor a special assessment in the nature of taxation. As already said, it is a charge to meet the cost of supervision by the municipality in the exercise of the police power. The municipal authorities have no power to grant exemption from this supervision, or by ordinance or contract provide for such exemption. Article

XVI, section 3, of the constitution, declares that " the exercise of the police power of the State shall never be abridged, or so construed as to permit corporations to conduct their business in such a manner as to infringe the equal rights of individuals, or the general well-being of the State." Neither the legislature, nor a municipality created by legislative authority, can constitutionally abdicate any portion of the police power vested in it, in favor of either natural or artificial persons ; and any provision of an ordinance or contract by which this is attempted is an obvious infringement on the general well-being of the state, and therefore a nullity.

The defense set up in the affidavit is clearly insufficient. If the exemption stipulated by the ordinance of 1896 relates merely to municipal taxation, the plaintiff's claim is not based on such taxation, and the matter of defense has no application to it. If it relates to charges arising from the exercise of the police power, the exemption is in plain violation of the constitution, and void.

Judgment affirmed.