## Pennsylvania Railroad Company's Case.

*Railroads—Safety gates—Boroughs—Implied powers—Police powers—Act of April 3, 1851, P. L. 320.*

A borough organized under the General Borough Act of April 3, 1851, P. L. 320, has the power to require a railroad company at the latter's expense to erect, maintain and operate safety gates at street crossings in the borough. It has this authority not only through the implied power inherent in the municipality from the very nature of its organization, but also from the "general welfare" clause of the borough act.

Argued Oct. 10, 1904.   Appeal, No. 101, April T., 1905, by Pennsylvania Railroad Company, from order of Q. S. Allegheny Co., March T., 1904, No. 56, dismissing petition to declare void an ordinance of the borough of North Braddock. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Petition to declare void an ordinance of the borough of North Braddock requiring the Pennsylvania Railroad Company to maintain and operate safety gates where the tracks of the railroad company cross Fourth street.

The case was heard on bill and answer and the court dismissed the petition.

*Error assigned* was in dismissing the petition.

*M. W. Acheson*, of *Patterson, Sterrett & Acheson*, for appellant.—Boroughs in Pennsylvania have no express power to require railroad companies to erect safety gates and the grant of general powers has been limited to the express powers : Millerstown Borough v. Bell, 123 Pa. 151.

The matter of safeguarding crossings has been confided by the law to the railroad company's discretion : Seifred v. Penna. R. R. Co., 206 Pa. 399; Lehigh Valley R. R. Co. v. Brandtmaier, 113 Pa. 610 ; Phila. & Reading R. R. Co. v. Killips, 88 Pa. 405.

The following common pleas decisions are, we submit, well-considered cases in favor of appellants' contention : Archbald Borough v. D. & H. Canal Co., 3 Lack. Jur. 189 ; Hazleton v.

Lehigh Valley R. R. Co., 11 Pa. Dist. Rep. 644; Commonwealth ex rel. Borough of Mount Holly Springs v. P. H. & P. R. R. Co. et al., 26 Pa. C. C. Rep. 293.

*William Yost*, for appellee.—At common law corporations have power to make by-laws for the general good of the corporation: Commissioner v. Gas Co., 12 Pa. 318; Fisher v. Harrisburg, 2 Grant, 291; White v. McKeesport, 101 Pa. 394; Ridley Park Borough v. Citizens' Electric Light, etc., Co., 9 Pa. Superior Ct. 615.

The supervision and safeguarding of railroad crossings clearly comes within the police power over streets granted by the act of 1851.

The lower court decisions cited by appellant have been overruled.

The whole subject has been recently reviewed by this court, and the power of boroughs to safeguard railroad crossings recognized in Commonwealth v. Philadelphia, Harrisburg and Pittsburg Railroad Co., 23 Pa. Superior Ct. 205.

OPINION BY HENDERSON, J., January 17, 1905:

The appellant complains that an ordinance adopted by the borough of North Braddock requires it to erect, maintain and operate safety gates at a place where defendant's tracks cross Fourth street at grade in that borough. It is contended that no authority is vested in the borough to enact the ordinance, and that it is therefore the duty of the court to declare it void. It is not alleged that the maintenance of gates at the crossing referred to is not a proper object of municipal care, or that by reason of the infrequent use of the public highway such safe-guard is unnecessary. The case turns upon the question whether the borough has power to enact an ordinance upon the subject. The appellant's contention is that there is no express authority vested in the borough, and that in the absence of such authority power does not exist. The respondent is a borough organized under the general borough Act of April 3, 1851, P. L. 320, and authority is claimed to enact the ordinance not only through the implied power inherent in the municipality from the very nature of its organization, but also from the express authority to enact ordinances deemed necessary for the good

order and government of the borough. Every city or borough organized within the commonwealth acquires therefrom, by the fact of its creation, the powers necessary to the maintenance of its existence and to the protection of its citizens. Among these is included the police power, which has been well defined to be " the right of the state functionaries to prescribe regulations for the good order, peace, protection, comfort, and convenience of the community." Ordinances of cities and boroughs passed in the reasonable exercise of this power with reference to sub-. jects of police control are valid. Public safety is one of the chief objects of police power. It has been held that a statute requiring a railroad company to construct fences on each side of its track was constitutional as a police regulation, and that notwithstanding the fact that the title indicated it was a meas-ure for the protection of abutting property owners. The object of the act, as indicated by its enacting sections, being the protection of the public, the validity of the statute was sustained as a proper exercise of police power: Penna. R. R. Co. v. Riblet, 66 Pa. 164. "The building of fences along the line of railway track is no doubt in regard to the security of travel to be regarded as a matter of police : " 1 Redfield on Railways, 496 ; New Albany, etc., Railroad Company v. Tilton, 12 Ind. 3.

Aside from the implied powers of the borough, the " general welfare " clause of the act of 1851 is broad enough to cover the legislation complained of. This question was discussed in Ridley Park Boro. v. Citizen's Electric Light & Power Company, 9 Pa. Superior Ct. 615, where it was shown that the police power of a borough was not limited to the particular subjects named in the twenty-five subsequent sections of the act of 1851. It was held in the same opinion that the police power of the state, when exercised by a borough or city, has been applied uniformly to both when dealing with the same subject: Sayre Borough v. Phillips, 148 Pa. 482.

It will be found on a careful consideration of the opinion in Millerstown Boro. v. Bell, 123 Pa. 151, that that case is not an authority for the appellant's position that the police power of a borough, organized under the act of 1851, is limited to the subjects specifically declared in the second section of the act. The subject under consideration in that case was the power of

a borough to impose an annual license fee on vehicles, and the decision was, that the ordinance was not an exercise of police power but a restraint of trade.

The cases of Seifred v. Penna. Railroad Company, 206 Pa. 399, and others upon the same point, do not aid us in the question now under consideration. As between a person injured at a grade crossing and a railroad company, by whose negligence the injury is said to have been caused, it is undoubtedly true that the law does not point out any particular manner in which notice of an approaching train shall be given, the only duty of the railroad company in such a case being to exercise reasonable care in giving notice of the approach of the train. This is a very different question from that of the duty of a municipality to properly guard the safety of travelers. That duty is due to the young and careless, to the old and infirm, as well as the wise and careful. One of the objects of the ordinance complained of is to save the heedless from their own inattention and the foolish from their own folly. In a recent opinion of this court, Commonwealth v. Philada., etc., R. R. Co., 23 Pa. Superior Ct. 205, Judge Orlady discusses at length the question here involved, and reaches a conclusion which in principle sustains the action of the court below. In view of his adequate consideration of the case, we refrain from further discussion. The order is affirmed.

Porter, J., dissented.