## Coatesville Borough v. Coatesville Electric Light, Heat & Power Company, Appellant.

*Municipalities—Boroughs—Police power—Contract.*

A municipality cannot bargain away its right to exercise at all times its police power; nor enter into any contract by which the free exercise of the police power which is delegated to it by the state, can be abridged, limited or destroyed.

A borough cannot, in granting to an electric light company the right to erect poles and wires in the streets, deprive itself of the right thereafter to impose a license tax upon the company for such poles and wires, under its police powers.

Argued Nov. 19, 1906. Appeal, No. 247, Oct. T., 1905, by defendant, from judgment of C. P. Chester Co., Aug. T., 1905, No. 87, on verdict for plaintiff in case of Coatesville Borough v. Coatesville Electric Light, Heat & Power Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit to recover a license fee on poles and wires. Before HEMPHILL, P. J.

514 COATESVILLE BORO. *v.* ELEC. LIGHT CO., Appellant.

Statement of Facts—Opinion of the Court.   [32 Pa. Superior Ct.

The facts are stated in the opinion of the Superior Court.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $766.80. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*J. Frank E. Hause,* for appellant.—When by ordinance a municipal corporation has authorized a company to erect its poles and string its wires upon the conditions expressed in the ordinance, it is beyond the power of the municipality to compel the payment of a pole-license: Com. v. Pottsville Water Co., 94 Pa. 516.

In view of the contract between the borough and the company, the pole-license or pole-tax cannot be recovered: Com. v. Phila., etc., R. R. Company, 164 Pa. 252; City of Erie v. Griswold, 5 Pa. Superior Ct. 132.

*Alfred P. Reid,* for appellee.—The ordinance of the borough of Coatesville imposing the license fee in suit was a legitimate exercise of the police power of the borough: Sayre Borough v. Phillips, 148 Pa. 482; New Hope Boro. v. Western Union Telegraph Co., 16 Pa. Superior Ct. 306.

The borough could not make any contract by which this exercise of its police power over its streets and highways would be abridged, limited or destroyed: City of McKeesport v. Passenger Railway Co., 2 Pa. Superior Ct. 242; Kittanning Electric Light, etc., Co., v. Kittanning Boro., 11 Pa. Superior Ct. 31; Erie City v. Erie Electric Motor Co., 24 Pa. Superior Ct. 77; Mott v. Penna. Railroad Co., 30 Pa. 9; Boyd v. Alabama, 94 U. S. 645; Stone v. Mississippi, 101 U. S. 814.

OPINION BY ORLADY, J., February 25, 1907:

On April 13, 1892, the borough of Coatesville enacted an ordinance granting to the defendant the power and authority to use and occupy the streets of the borough for the erection of poles and wires to supply light, heat and power by electricity to such persons as might desire the same, and providing by sec. 6 of the ordinance as follows:

" That the poles, wires and all other appliances erected in,

upon and over the streets, lanes and alleys of the borough are hereby reserved for the use of the borough in the event that said company shall cease to exercise the powers conferred upon it by law, and the same shall not be removed without the consent of the town council. And said poles are further reserved for the use of said borough during their use by said company, except for electric light, heat and power purposes, and use of the same by the borough shall be in such manner as not to interfere with the prosecution of the business of said company, and shall at all times be without charge to said borough."

And by sec. 8 as follows :

" That power at any and all times to change and alter the provisions of this ordinance or any of them is hereby reserved to the corporate authorities of the borough."

By a separate ordinance approved the same day it was enacted :

Sec. 1. " That no special taxes or payments in the nature thereof to or for or on account of said borough shall be levied, assessed or exacted from said company in any one year by the corporate authorities of the borough, unless said company shall have earned sufficient profits from which to pay a dividend of 6% on its present capital stock for such year. Provided, however, that said company shall at all times be at liberty to appropriate any or all of said profits to the increase, improvement and repair of its plant, in which event the power to impose special taxes or payments in the nature thereof shall not be exercised if such appropriation reduces said profits below 6% of its present capital stock."

Sec. 2. " When such taxes shall be imposed they shall not exceed in any one year 4–10% upon the present capital stock of the company."

It is admitted that the defendant company erected its poles and strung its wires in accordance with the provisions of the two above quoted ordinances, and further, that for the years ending May 4, 1904, and May 4, 1905, it owned, maintained and used 360 poles, with wires suspended thereon, upon the highways and streets of the borough.

On May 4, 1903, the borough enacted an ordinance providing as follows :

Sec. 1. " That from and after this ordinance all the telegraph,

telephone, electric light, electric power, heating or other companies, street car companies, and all persons, companies and corporations owning, erecting, maintaining or using any pole or poles and wires suspended thereon shall pay to the said borough an annual license tax of one dollar for each pole so owned, erected, maintained or used upon said highways."

Sec. 2. " Said tax shall be due and payable to the borough treasurer on the first day of April of each year. If not paid within thirty days thereafter the borough treasurer is authorized to collect the same by law."

The plaintiff did not aver or prove that any profits had been earned, and the defendant contends that the ordinances under which the poles were erected, and its business conducted, were valid under authority of the municipality, and that after acceptance by the company they became an irrevocable contract, controlled only by the terms imposed therein.

In Commonwealth v. Pottsville Water Co., 94 Pa. 516; Commonwealth v. Railroad Co., 164 Pa. 252; and Erie v. Griswold, 5 Pa. Superior Ct. 132, affirmed in 184 Pa. 435, the question presented was whether the commonwealth or a municipality could annul, by a repealing statute or ordinance, an exemption from taxation acquired through a charter grant or a contract which had been accepted and executed in good faith by the expenditure of large sums of money, and where the state or municipality had received proportionate advantages, and it was held that the contract was binding on the state and municipality.

The case here presented is entirely different, there is no analogy between ordinances and contracts in derogation of the police power of a municipality, and ordinances relating to its business affairs : Seitzinger v. Electric Co., 187 Pa. 539. A municipality cannot bargain away its right to exercise at all times its police power; nor enter into any contract by which the free exercise of the police power which is delegated to it by the state can be abridged, limited or destroyed : McKeesport v. Railway Co., 2 Pa. Superior Ct. 242 ; New Hope Borough v. Western Union Tel. Co., 16 Pa. Superior Ct. 306, affirmed in 202 Pa. 532 ; North Braddock Borough v. Traction. Co., 8 Pa. Superior Ct. 233 ; Kittanning, Electric Light, etc., Company v. Kittanning Borough, 11 Pa. Superior Ct. 31 ; Erie

City v. Motor Company, 24 Pa. Superior Ct. 77; Taylor Borough v. Postal Tel. Cable Co., 202 Pa. 583; Lower Merion Township v. Postal Tel. Cable Co., 25 Pa. Superior Ct. 306; Norwood Borough v. Western Union Tel. Co., 25 Pa. Superior Ct. 406; Braddock Borough v. Telephone Co., 25 Pa. Superior Ct. 544.

Independent of this line of decisions it is to be noticed that by section 8 of the ordinance of April 13, 1892, the borough expressly reserved the right at any and all times to change and alter its provisions, so that all subsequent action of the defendant was in the light of this reserved power.

The judgment is affirmed.