# Reading City, Appellant, *v.* John H. Bitting.

167   21
d199 403
167        21
f 34 SC 623

*Municipalities—Cities of the third class—License on milk wagon—Act of May* 23, 1889.

Under the act of May 23, 1889, art. 5, sec. 3, P. L. 277, which confers on cities of the third class the power to collect a license tax, inter alia, on "drays, hacks, carriages, omnibuses, carts, wagons, street railway cars and other vehicles used in the city for hire or pay," a city has no authority to impose a license tax upon the delivery wagon of a milkman.

Argued March 5, 1895. Appeal, No. 215, July T., 1894, by plaintiff, from judgment of C. P. Berks Co., April T., 1894, No. 147, for defendant on case stated. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Case stated to determine the validity of a license tax upon a milk wagon.

The case stated was as follows:

"The city of Reading, by ordinance of councils of June 29, 1874, in conformity with the requirements of section 57 of an act of the general assembly of May 23, 1874, entitled "An act dividing the cities of this state into three classes," etc., accepted the provisions of the said act of May 23, A. D. 1874, and was duly chartered August 4, 1874, as a city of the third class, and is now governed by the provisions of an act of the general assembly, entitled 'An act for the incorporation and government of cities of the third class,' approved by the governor, May 23, 1889.

"The city of Reading passed an ordinance, entitled 'An ordinance authorizing and providing for the levy and collection of license taxes within the city of Reading,' a copy of which is hereto attached and made a part of this case stated, which said ordinance was approved by the mayor of the city of Reading, December 26, 1893.

"Section 13 of the said ordinance reads as follows: 'Every milkman shall be required to pay the sum of five dollars for each and every wagon regularly used upon the streets for retailing milk to consumers; and it shall be the duty of the market commissioner of the city of Reading to see that all vehicles used for this purpose shall be registered in a book kept by him

for that purpose, and each and every vehicle or wagon so used shall be numbered conspicuously on the right hand side thereat, the same to be numbered consecutively from number 1 up; and the numbers to be furnished by the market commissioner upon the payment of the license tax,' and requires a payment of five dollars from every milkman for each wagon regularly used upon the streets of the city of Reading.

" John H. Bitting, the defendant, is a resident of Cumru township, Berks county, Pennsylvania, and is a milkman who has a wagon which is regularly used upon the streets of the city of Reading for retailing milk to consumers, and refuses to pay the said sum of five dollars under the said license ordinance levied and assessed, although demand for payment of the same has been made.

" If the court be of the opinion that the defendant is legally liable to pay the license tax by the said ordinance imposed, then judgment to be entered for the plaintiff for five dollars, but if not, then judgment for defendant," etc.

The court in an opinion by ENDLICH, J., entered judgment in favor of defendant on the case stated.

*Error assigned* was entry of judgment for defendant.

*William J. Rourke,* city solicitor, for appellant, cited : Fisher v. Connard, 100 Pa. 69; Warren Borough v. Geer, 117 Pa. 207 ; Kneeland v. Pittsburg, 11 Atl. 657; Cutliff v. Mayor of Albany, 60 Ga. 597; Wiggin's Ferry Co. v. East St. Louis, 107 U. S. 365; State v. Powell, 100 N. C. 525; Banger's App., 109 Pa. 79; Wheeler v. Phila., 77 Pa. 338; Am. & Eng. Ency. of Law, vol. 18, p. 744; State v. Cassidy, 22 Minn. 312.

*Henry C. G. Reber,* for appellee, cited: Home Ins. Co. v. Augusta, 50 Ga. 530; act of May 23, 1889, art. v, sec. 3, P. L. 277 ; Gibbons v. Orgden, 9 Wheat. 213 ; Dunham v. Trustees of Rochester, 5 Cowen, 462; Dillon on Municipal Corporations, sec. 292 ; Millerstown v. Bell, 123 Pa. 151; New York v. Second Avenue R. R. Co., 32 N. Y. 261; Hilliard on Taxation, 360, sec. 14.

PER CURIAM, March 19, 1895 :

The ordinance under which the city seeks to collect a license

for the defendant's milk wagon does not profess to be an exercise of the police power for the regulation of the trade in milk. Its title is " An ordinance authorizing and providing for the levy and collection of license taxes within the city of Reading." The authority is claimed under the act of May 23, 1889, which in art. 5, sec. 3, confers on cities of the third class the power to collect a license tax, inter alia, on " drays, hacks, carriages, omnibuses, carts, wagons, street railway cars and other vehicles used in the city for hire or pay." We do not think the delivery wagon of the baker, the butcher, the dry-goods dealer, or the milk-man is within the purview of this statute.

The court below was right therefore in holding that the defendant was not liable for the license imposed by the city upon the wagon he used in delivering milk to his customers, and the judgment is now affirmed.