## Titusville, Appellant, *v.* Gahan (No. 1).

*Municipalities—Taxation—General revenue—Police powers—License tax on theaters and billposters—Cities of the third class.*

A city of the third class has no power to levy and collect a license tax from theaters or billposters exclusively for general revenue purposes. It has authority, however, to levy such tax upon theaters and opera houses under the police power expressly delegated to it, and upon billposters under the police power conferred by the general welfare clause of the city's charter; but an ordinance imposing such a license tax which expressly states in its title that the tax is "for general revenue purposes," will be construed as a revenue and not as a police measure, and will be declared invalid by the courts.

Argued May 20, 1907.   Appeal, No. 143, April T., 1907, by plaintiff, from judgment of C. P. Crawford Co., Sept. T. 1900, No. 20, for defendant on case stated in suit of Titusville v. John Gahan.   Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Case stated to determine the validity of a license tax on theaters and billposters.

From the case stated it appeared that the defendant was the owner of a theater or opera house in the city of Titusville, which was a city of the third class.   For the years 1896, 1897, 1898 and 1899, licensed taxes were leved upon defendant both as the owner of the theater and as billposter under an ordinance entitled as follows : " An ordinance to provide for the levy and collection for general revenue purposes, of annual license taxes in the city of Titusville, Pa., approved June 25, 1888, and amendments and supplements thereto."

THOMAS, P. J., filed the following opinion :

The claims in each of these cases are of the same nature and of a twofold character, though covering different periods of time.   The actions are brought to recover license taxes imposed upon the defendant for the years mentioned in two different capacities.   First, as the owner of an opera house, which was conducted and maintained as a theater and opera house in which public exhibitions were given for pay, which exhibi-

tions were not for local, religious, educational or charitable purposes ; and, secondly, as a billposter in said city of Titusville.

The question involved and the only serious contention, as we understand it, is as to whether the ordinance under which these taxes were imposed is valid as against the defendant for the purposes for which they were imposed.

It is urged that these taxes or licenses were lived for general revenue purposes, and that the city was without power so to do.     As we understand the contention, the plaintiff practically admits that the assessments can only be imposed by virtue of the police power of the municipality, and whether this is admitted or not, we think that such is clearly the law.

Under the Act of May 23, 1874, P. L. 230, cities of the third class have power to "levy and collect licenses on auctioneers," etc., and " to regulate the same by ordinance," on a number of persons and institutions, including " shows, theaters and all kinds of exhibitions for pay."

The Act of May 24, 1887, P. L. 204, which was subsequently declared unconstitutional, is the act under which this ordinance was framed.     By art. VII, sec. 2, clause 4, of said act cities of the class in which the plaintiff was included were allowed to levy and collect for general revenue purposes an annual license tax on auctioneers, etc., but it is significant that some of the terms in the act of 1874, and especially that of theaters, was omitted therefrom ; but under clause 26 of said section said cities were given power " to license and collect license taxes from shows, theaters," etc., and " to regulate the same and to restrain and prohibit all exhibitions of an indecent or immoral character."

The Act of May 23, 1889, P. L. 277, art. V, sec. 3, empowers cities of the third class to " levy and collect for general revenue purposes a license tax not exceeding $100 each, annually, on all auctioneers," etc.     This section follows that of 1887, and excludes theaters.     The 25th clause of said sec. 3 of said act empowers the city to "· license and collect a license tax from all skating rinks, operas, theaters," etc., and to " regulate the same and to restrain all exhibitions of an indecent or immoral character."

It is clear to us that clause 4, sec. 2 of art. VII, of the act

of 1887, and clause 4, sec. 3, of art. V, of the act of 1889, re-
late to taxation for general revenue purposes, and that the state
has not delegated to municipalities of this class the power or
authority to levy and collect for general revenue purposes a
tax against theaters, but that the same may be regulated and
a license tax imposed under clause 26, sec. 2, of art. VII, of
the act of 1887, and clause 25, sec. 3, of art. V, of the act of
1889, but that under these provisions the power delegated to
the municipality is that of regulation and by virtue of police
powers.

In none of these sections are billposters directly made the
subject of taxation for general revenue purposes, nor license
regulation by virtue of police powers delegated to the munici-
pality. But each of said acts contains a general welfare clause
under which, in our opinion, billposters might be regulated,
subject to the police powers of the city, to wit: under clause 47
of said sec. 2, of art. VII, of the act of 1887, and clause 46
of sec. 3, of art. V, of the act of 1889.

We see no reason why it would not be proper to regulate
the occupation of billposter, both as to the structures where
the bills might be posted, and as to the nature and character
of the matter posted thereon. Certainly this looks to the pro-
tection, welfare and morals of the community, and, in our
opinion, would be covered by the general welfare clause of
each of said acts of assembly.

Having arrived at the conclusion that theaters are under the
expressly delegated police powers of a municipality, and that
billposters are subject to regulation under the general welfare
clauses of said acts of assembly, it is necessary to determine
whether the taxes here sought to be collected were imposed by
virtue of the police powers or for general revenue. If for the
latter, it seems clear to us that the city was without authority
to so impose them. If for the former, they had the power so
to impose them, and the defendant is liable therefor in this
action.

From the title of the ordinance under which these taxes
were imposed, it appears that the same was for the purpose
of levying and collecting an annual license tax " for general
revenue purposes." It is probably true that this does not
determine the real character of the taxes imposed, but it will

aid us somewhat in knowing what the purpose of the legislative body was in passing the ordinance, and may assist us in determining the purposes as provided by the ordinance itself. Most of the taxes imposed by said ordinance are allowed expressly by the act of assembly as a means for raising revenue, but not so as to theaters and billposters.

The state has the power as a means to an end, namely, the better exercise of the police power, to impose a fee or license upon property used in a certain manner or upon certain callings or occupations. Ordinarily, the state has no right under this power to impose license fees for purposes of revenue without regard to the question of the regulation, control or use of such property or occupation. The imposition of license fees, having for their purpose the better regulation and control of such occupations, or the use of certain property, is valid as coming within the proper exercise of the police power, when they are imposed not for the purpose of obtaining a revenue, but for the ostensible one : 1 Abbott on Municipal Corporations, p. 258.

Strictly speaking, there is a distinction between a license granted or required as a condition precedent before a certain business can be carried on, and a tax assessed on the business in which such license may authorize one to engage. In statutes, however, and even in the decisions of the courts, this distinction is frequently disregarded; and in order to determine whether a sum imposed by statute or ordinance is a license fee proper or a tax, it is generally necessary to ascertain the purpose of the exaction, and to determine the power by virtue of which it is made. Thus, where the fee is imposed for the purpose of regulation, and the statute requires compliance with certain conditions in addition to the payment of the prescribed sum, such sum is a license proper, imposed by virtue of the police power ; but where the fee is exacted solely for revenue purposes, and payment of such fee gives the right to carry on the business without the performance of any further conditions, it is a tax : 21 Am. & Eng. Ency. of Law (2d ed.), pp. 773, 774.

We are persuaded that this is a proper definition, and when applied to the case in hand clearly reveals that this ordinance is one wholly for the purpose of raising revenue generally, and not for the purpose of regulation, and that the payment

of the fee is the only prerequisite to the carrying on of the business taxed.

The plaintiff contends that this is a proper exercise of the police powers of the city, and refers us to several authorities on that subject. Our attention is first called to the case of the City of Chester v. P., R. & P. Telegraph Co., 148 Pa. 120. We are not informed as to the character of the ordinance in said case, but in the opinion of the lower court it is said: " It is not a tax for revenue, but a police charge for the necessary liability of the city to supervise the use of its streets." If such provisions were made it would seem that there was some legislation here with reference to regulations, but from the case as reported it is impossible for us to determine the terms of the ordinance. The case is decided, however, on the authority of Telegraph Co. v. City of Philadelphia, 22 W. N. C. 39, and the City of Allentown v. Western Union Telegraph Co., 148 Pa. 117. In the former of said cases, to which our attention is called, the terms of the ordinances are not given, but, from the holding of the court that the city of Philadelphia had a right, as a matter of police regulation, to supervise and control the erection of poles upon and the stretching of wires along its streets, we are persuaded that some legislative provision for regulation was made. In the latter of said cases it would appear from the per curiam opinion that there was not only the imposition of a license fee or tax, but that the city had enacted an ordinance requiring telegraph, telephone and electric light poles to be inspected by the police department, and that the same should be licensed. It was held that was an exercise of the police power of the city.

Our attention is called to the case of Johnson v. Philadelphia, 60 Pa. 445. In that case an annual sum was imposed upon each street car operated in the streets of said city. It was held that the same might be imposed as a police regulation, but could not as a tax, for raising revenue, and in that case it was held that the same was a valid police regulation. The title to the ordinance in that case is one " To regulate passenger railways," and made provision for regulating and the operation of street cars in said city, though the full terms of the ordinance are not made known. It seems that such would be a valid exercise of the police powers.

Attention is also called to the case of Oil City v. Oil City Trust Co., 151 Pa. 454. The tax imposed in this case rested on the authority of the act of 1874, but the same was supplied and repealed by the act of 1889. The court says : " By the express language of clause 4, above referred to, the authority given to cities by this act to license bankers is for general revenue, and as if to emphasize the change of legislative purpose, the grant is transferred from its previous place in the enumeration of police powers to a place among the powers of taxation for revenue. It is, therefore, unquestionably a tax in the general sense, and we have to consider whether appellant is exempted from it by the acts of June 30, 1885, and June 1, 1889." The court held that they were exempt under said act. Later on the court says : " The result, therefore, is that banks are only subject to license tax by municipalities by virtue of express legislative authority ; that the only authority shown in cities of the third class since the act of 1889 is to license as a tax for revenue purposes, and that as to such tax the appellant was exempt during the years of 1889 and 1890." In our opinion this case does not support the contention of the plaintiff.

Attention is also called to the case of Pittsburg Railways v. Pittsburg, 211 Pa. 479. This case is authority chiefly for the proposition that the naming of a certain tax as a license tax by legislative authority does not make it such, but that the court must look to the ordinance to determine what it actually is. From the title of said ordinance it appeared that the city of Pittsburg attempted to levy a license tax for general revenue purposes upon the street railways and others, and that they attempted to tax each lineal foot of track maintained and operated, and it was held that under the act by virtue of which the ordinance was passed they only had authority to levy and collect a license tax, while, as a matter of fact, they had attempted to collect a property tax, which was contrary to law.

Our attention is also called to the case of the Borough of North Braddock v. Second Avenue Traction Co., 8 Pa. Superior Ct. 233. Section 1 of a supplement to a certain ordinance is here recited and does not show that there was any provision for regulation such as to warrant the exercise of police powers

in the taxing of street cars. Whether the courts would take judicial notice of the fact that supervision is required in such case is not necessary for us to consider. The question involved in the case at bar was not involved in this case. The only questions raised were the excessiveness and unreasonableness of the tax, and the vagueness, indefiniteness and lack of means to provide for reasonably assessing the cars operated.

By both the act of 1887 and that of 1889 municipalities are permitted to levy taxes upon street cars for general revenue purposes and for that reason it is possible the question as to whether it was assessed by virtue of the police powers or for general revenue purposes was not made a material matter of inquiry.

Attention is called to the case of the Borough of Warren v. Geer, 117 Pa. 207, but it is there held that the authority exercised by the borough in the passage of the ordinance was expressly conferred by virtue of the borough law of April 3, 1851, sec. 2, par. 11, P. L. 320.

It is not necessary for us to take into consideration the more recent decisions of the federal courts and the courts of this commonwealth with reference to the imposition of taxes on telegraph, telephone companies and the like, either by virtue of police powers, or by authority of the acts of assembly, and especially with reference to the regulation of the amount of said taxes by virtue of the sum spent in supervision.

It seems clear that the city of Titusville enacted this ordinance as a general revenue measure and has attempted to include in it all persons, firms, etc., allowed by the act of assembly, and in addition thereto some that are not. As to such as are permitted to be levied by virtue of police power alone the ordinance is invalid, and the claims in these cases are of that character.

And now, to wit: July 16, 1906, pursuant to agreement in the case stated it is ordered that judgment be entered in favor of the defendant and against the plaintiff, with costs of suit.

*Error assigned* was in entering judgment for defendant on case stated.

*M. J. Heywang*, for appellant.—It is not necessary to the validity of an ordinance imposing a license tax that the power,

or authority, or purpose under or for which the license tax is imposed be stated, or in any manner referred to; and if reference be made in any part of the ordinance to the matter of power, authority, or purpose it is wholly immaterial and is not properly the subject of criticism. If a power for any purpose exists and the exercise thereof has been reasonable it does not matter what the municipal authorities call it, their action will be sustained and the collection of the license tax enforced: City of Chester v. Phila., Reading & Pottsville Telegraph Co., 148 Pa. 120; Johnson v. Philadelphia, 60 Pa. 445; Oil City v. Oil City Trust Co., 151 Pa. 454; Pittsburg Railways Co. v. Pittsburg, 211 Pa. 479; Braddock Borough v. Allegheny County Tel. Co., 25 Pa. Superior Ct. 544.

Boroughs are not specifically empowered by state legislation to impose license taxes on canvassers, yet, an ordinance imposing a license tax on such persons was sustained in Warren Borough v. Geer, 117 Pa. 207, under the general powers conferred in the borough act of 1851.

In North Braddock Borough v. Second Avenue Traction Co., 8 Pa. Superior Ct. 233, a license tax was imposed on the cars of a street railway company, and was sustained as an exercise of the police power.

When the general power to assess exists, the remedy for illegal taxation or assessment is by appeal; if none be given, the courts cannot reverse the judgment of the taxing or assessing officers. On the other hand, if a specific remedy is provided, it must be pursued: Moore v. Taylor, 147 Pa. 481; Hughes v. Kline, 30 Pa. 227; Clinton School District's App., 56 Pa. 315; Stewart v. Maple, 70 Pa. 221; Van Nort's Appeal, 121 Pa. 118; Crist v. Morris, 2 W. N. C. 620; Hodge v. Muscatine County, 196 U. S. 276 (25 Sup. Ct. Repr. 237); Western Union Telegraph Co. v. Missouri ex rel. Gottlieb, 190 U. S. 412 (23 Sup. Ct. Repr. 730).

*Eugene Mackey*, with him *Axtell J. Byles*, for appellee.—The license taxes in question are not levied under the police power of the city for the purpose of regulation, but are mere taxes imposed solely for the purpose of revenue: Com. v. Vrooman, 164 Pa. 306; Association for the Relief of Disabled Firemen v. Wood, 39 Pa. 73; Hilbish v. Catherman, 64 Pa. 154; North

Hudson County Ry. Co. v. Hoboken, 41 N. J. L. 71 ; Pitts v. Vicksburg, 72 Miss. 181 (16 So. Repr. 418).

It is ultra vires of the city appellant to tax billposters, theaters and opera houses for the mere purpose of raising revenue : Laramie County v. Albany County, 92 U. S. 307 ; Pittsburg Railways Company v. Pittsburg, 211 Pa. 479 ; Thompson v. Lee County, 70 U. S. 327 ; Thomas v. Richmond, 79 U. S. 349 ; Dalrymple v. Wilkes-Barre, 2 Kulp, 39 ; Schroeder v. Gas & Water Company, 20 Pa. Superior Ct. 255.

The delegation of a power to license particular occupations by name must be strictly construed and confined to those names. The naming of certain occupations as subject to license precludes levying a tax upon those not named, the rule being expressio unius est exclusio alterius : Kiel v. Chicago, 176 Ill. 137 (52 N. E. Repr. 29) ; Thomas v. Railroad Co., 101 U. S. 71.

OPINION BY RICE, P. J., October 7, 1907 :

If such a charge as that in question here is in reality an annual tax, and is imposed for revenue only, the municipality must show some express legislative authority to impose it. The naming of certain occupations in a statue delegating power to levy and collect, for general revenue purposes, an annual license tax on them precludes levying a tax for those purposes upon those not named, the rule being expressio unius est exclusio alterius. It is not claimed by appellant's counsel (and, if the claim were made, it could not be sustained) that either the act of 1874, or the act of 1887, or the act of 1889 conferred upon cities of the third class the power to levy and collect a license tax on theaters or billposters exclusively for general revenue purposes. But he does claim, and the appellee's counsel concede, that the city had authority to license and collect license taxes, so called, from theaters and opera houses under the police power expressly delegated to it, and from billposters under the police power conferred by the general welfare clause of the city's charter. In view of these concessions and of the adequate review of the pertinent legislation contained in the opinion filed by the learned judge below, we need not discuss either of these propositions further. But the appellant's counsel contends further that if the authority to impose a charge exists, it matters not

what the nominal or expressed purpose of its exercise may be termed by the municipal authorities, the ordinance and charge will be enforced and sustained. In support of this proposition he cites Chester v. Philadelphia,. Reading & Pottsville Telegraph Co., 148 Pa. 120; Johnson v. Philadelphia, 60 Pa. 445; Oil City v. Oil City Trust Co., 151 Pa. 454; Pittsburg Railways Co. v. Pittsburg, 211 Pa. 479; Braddock Boro. v. Allegheny County Telephone Co., 25 Pa. Superior Ct. 544. The learned judge below has reviewed these cases in the opinion filed by him and has shown very satisfactorily that they do not go as far as is claimed. Johnson v. Philadelphia goes as far as any in that direction, and there the doctrine is stated as follows: " Certainly, if a municipal regulation is adopted, which would be lawful if intended for one purpose, and unlawful if for another, the presumption is that the purpose was lawful, unless the contrary clearly appear. " To the same effect are Lansdowne Borough v. Springfield Water Co., 16 Pa. Superior Ct. 490; Edgewood Borough v. Scott, 29 Pa. Superior Ct. 156; Kittanning Boro. v. Kittanning Consolidated Natural Gas Co., 26 Pa. Superior Ct. 355. Applying that rule, the omission to state in the ordinance the purpose for which the license fee or tax was imposed or the police regulation or supervision in aid of which it was intended might not be a fatal objection. But it would be an unwarranted extension of the rule to hold that it is a matter of indifference what the expressed purpose of the ordinance is. If, with respect to a particular business or occupation, the city has merely the police power, an ordinance adopted ostensibly as a police measure, but used as a mere subterfuge for the purpose of raising revenue, and that only, will not be upheld if such abuse of the city's power be shown: Kittanning Borough v. Kittanning Consolidated Natural Gas Company, 26 Pa. Superior Ct. 355. How, then, can it be presumed that the imposition of a license tax was intended as a police regulation, or in aid of police supervision, when the ordinance was not adopted ostensibly as a police measure, but it appears on the face thereof that it was adopted exclusively for revenue purposes? There is in such a case no room for presumption. Looking at this ordinance we find that its title is, " An ordinance to provide for the levy and collection, for general revenue purposes, of annual license taxes in the city of Titus-

ville." There is nothing in the body of the ordinance to indicate that it was adopted for any other purpose or in the exercise of any other power than the power of taxation, or to raise a presumption that the amount of the fee or tax was fixed with any regard to those matters that it was the duty of the corporate authorities to consider in the imposition of such a charge in the exercise of the police power. By the acts creating and governing cities of the third class it is provided that "no bill shall be passed containing more than one subject, which shall be clearly expressed in its title." Therefore, the title is part of an ordinance, and a very important part in its construction: Beechwood Ave., 194 Pa. 86. It makes plain that the purpose of the ordinance in question was revenue, and, there being nothing in the body of the ordinance which notwithstanding the title would warrant a different construction, it must be construed as revenue and not a police measure. It has been so decided, or at least assumed, in former cases in which it was involved: Brennan v. Titusville, 153 U. S. 289; Commonwealth v. Clark, 195 Pa. 634; affirming 10 Pa. Superior Ct. 507. There being no authority in law for the levy and collection of a license tax upon theaters and billposters for general revenue purposes, the defendant was not bound to appeal from the assessment, but could interpose the objection in defense to the action brought to recover the tax or fee: Reading v. Bitting, 167 Pa. 21. There are numerous other cases wherein the question of the power of the municipality to impose such a charge for revenue purposes has been raised in that way. They are plainly distinguishable from the cases cited by the appellant's counsel in support of the proposition that if the power of taxation exists the remedy for the correction of errors in the exercise of that power is by appeal.

The judgment is affirmed.