# City of Williamsport, Appellant, v. Citizens Electric Co.

*Municipalities—Taxes—License taxes—Act of May 16, 1901, P. L. 226—Revenue taxes.*

Taxes levied for revenue and taxes levied under the police power may be provided for in the same city ordinance.

The Act of May 16, 1901, P. L. 226, gives cities the right to levy certain taxes; and the fact that the taxes so levied are imposed for general revenue purposes or under the police power is immaterial.

As the term license tax embraces both kinds of taxes, it would be unreasonable to hold that in order to exercise a power given in relation to both, the city would be required to pass two ordinances, one for the purpose of general revenue, and one under the police power.

*Evidence—Books of city treasurer—Oral recital from—Prima facie evidence.*

Where a treasurer of the municipality testified as to the entries in the books of his department and there is no contradiction of the matters contained therein, the amounts shown on such books are

prima facie evidence of such indebtedness. Under such circumstances the testimony of the treasurer was not oral testimony in the sense that it had to be passed upon by the jury. His veracity was not in question. He was merely giving audible testimony of the written pages and the amounts shown under his testimony constituted prima facie evidence of the indebtedness.

Argued Nov. 11, 1918. Appeal, No. 42, Oct. T., 1918, by plaintiff, from judgment of C. P. Lycoming Co., June T., 1915, No. 134, for defendant non obstante veredicto in the case of City of Williamsport v. Citizens Electric Co. Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Assumpsit for pole license tax levied under city ordinance. Before WHITEHEAD, P. J.

The facts are stated in the opinion of the Superior Court.

The jury rendered a verdict in favor of the plaintiff for $1,329.90. Subsequently the court, on motion, set aside the verdict and entered judgment in favor of the defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*N. M. Edwards,* and with him *John C. Rogers,* City Solicitor, and *Frank P. Cummings,* Assistant City Solicitor, for appellant.—The question before the court is the subject and not the source of authority for the ordinance and the title to the act was sufficient notice of the contents: Home's Case, 77 Pa. 77; Commonwealth v. Sellers, 130 Pa. 32; Altoona City v. Koch, 52 Pa. Superior Ct. 433; Williamsport v. Wenner, 172 Pa. 173.

*Herbert T. Ames,* and with him *Thomas H. Holland,* for appellee.—The ordinance was contrary to the Act of May 16, 1901, P. L. 228.

The ordinance contained more than one subject: Commonwealth v. Bilotta, 61 Pa. Superior Ct. 264; Dorsey's

Arguments—Opinion of the Court. [72 Pa. Superior Ct. App., 72 Pa. 192; Road in Phœnixville, 109 Pa. 44; Payne v. School District, 168 Pa. 386; Commonwealth v. Beatty, 15 Pa. Superior Ct. 5; Erie City v. Erie Electric Motor Company, 24 Pa. Superior Ct. 77; Provident L. & T. Co. v. Hammond, 230 Pa. 407; Central D. & P. T. Co. v. Homer City Boro., 242 Pa. 597; Appeal of Lycoming Fair Assn., 65 Pa. Superior Ct. 307.

OPINION BY TREXLER, J., July 17, 1919:

The title to the ordinance in question is, "Providing for and regulating the assessment, levy and collection of an annual license upon trades, businesses, callings, occupations, matters and things within the City of Williamsport, Pennsylvania, the granting of licenses therefor and imposing penalties for the violation of said ordinance." Under section 30 of the above ordinance, the city imposed an annual license tax upon poles, pipes and mains of corporations and others occupying the streets of the city, the license on each pole being fifty cents, afterwards reduced by amendment to twenty-five cents.

At the trial, after the city showed the amount due and owing, the defendant offered no testimony and the court directed a verdict for the plaintiff, which it afterwards set aside and entered judgment for defendant. The court assigned as a reason for so doing, that the title to the ordinance in question violated Section 3 of the Act of May 16, 1901, P. L. 226, which provides inter alia, "no bills except general appropriation bills shall be passed containing more than one subject which shall be clearly expressed in its title." The court held that the title was faulty in both respects, in that it contained more than one subject, and if but one subject, that it was not clearly expressed. The basis of the court's decision is found in the distinction made between a license tax imposed for general revenue purposes to which there is no limit, except such as is put by law and a license tax imposed under the police power, which in theory is limited to the cost of supervision and inspection. The pole tax in question

is admittedly collected under the police power of the city, the other licenses provided for in the ordinance, under the authority given to the city to raise money for revenue purposes. Does the fact that the city exercised two distinct powers in imposing the license give two subjects to the ordinance? The learned counsel for the appellant has put the question very succinctly. "The question before this court is 'subject' and not 'source of authority,' not whether or not the 'license tax' is under the police power or general revenue power, but whether the ordinance involved contains two different and antagonistic subjects; whether or not a 'license tax' is a 'license tax' whether imposed under the general revenue power or the police power, or both." Certainly the term license used in the title in itself cannot be said to consist of two subjects. We fully agree with the learned trial judge, that the power to levy license tax is derived from two sources as above noted, but we do not think that makes the title consist of more than one subject. Into what particular funds the taxes imposed by the ordinance went, whether into one or many, matters not.

As the term embraces both kinds of taxes, it would seem unreasonable to hold that in order to exercise a power given in relation to both, the city would be required to pass two ordinances, one for the purpose of general revenue and one under the police power.

Nor do we think that the subject is not clearly expressed. The general rule is that to comply with the constitutional requirements, that the title of an act need only give such notice of the subject-matter, as to fairly and reasonably lead to an inquiry into the body of the bill: Snyder County v. Wagenseller, 262 Pa. 269.

That a license tax is intended is very readily seen by the fact that the title provides for its assessment, levy and collection. In common parlance, the words license and license tax are used to designate the same subject. We speak of mercantile licenses, and the subject is set out in our digest under that title but the act of assembly

calls them Mercantile License Taxes. When the reader sees the word "license" he is bound to know it may include both kinds of such taxes. Thus in Com. v. Puder, 261 Pa. 129, "the use of the word 'penalties' should put the inquirer upon notice that a violation of the statute's provisions would be followed by either civil or criminal punishment, or both." Both in legal enactment and judicial utterance there is no distinction made between license taxes for revenue and license taxes imposed under the police power. The various acts referring to the government of cities of the third class, to wit, May 23, 1874, P. L. 239, Section 20, and May 23, 1889, Article V, Section 3, Clause 4, P. L. 287, and that of May 16, 1901, P. L. 228, the last act being the act under which the present ordinance was drawn, provided for the imposition of license taxes and used the term indiscriminately with reference to taxes, both for revenue and those imposed by virtue of the police power. The term is used to indicate both kinds of licenses in the decisions of the courts. For example: In Oil City v. Trust Co., 151 Pa. 454, and Titusville v. Gahan, 34 Pa. Superior Ct. 613, it is called a license tax levied under the police power. When, therefore, the term license appears in the title of the ordinance, it is very evident it gives notice that the provisions of the ordinance are not necessarily confined to one kind of license laid upon occupations, etc., mentioned in the title but may include both.

The title of the ordinance is broad enough to cover the subject-matter of this tax, to wit: poles. "Matters" and "things" are words of broad meaning.

The plaintiff's case, as submitted, comprised the testimony of the city treasurer, who testified from the record of his predecessor. He did not claim any personal knowledge of the matter. All he did was to read from the book before him. His testimony was admitted without objection and no attempt made to contradict it. When cross-examined, he was asked to turn to the record.

The defense was purely technical and the defendant offered no testimony. The court was right in the view it took in the first place, although afterwards it changed it, that the evidence established a prima facie case for the plaintiff. Under the method employed at the trial, the testimony of the treasurer was not oral testimony, in the sense that it had to be passed upon by a jury. His veracity was not in question. He was merely giving audible expression to the written page. Under the course pursued at the trial and acquiesced in by both parties, the treasurer's record was virtually in evidence. It was in court. Either party could inspect it. Had the defendant introduced testimony to contradict it, a different situation would have arisen. In Trexler v. Africa, 33 Pa. Superior Ct. 395, a case relied upon by the lower court, involving the question of the payment of county taxes, Judge MORRISON, who wrote the opinion of this court said that if the records of the treasurer's office were the only thing before the court, the court could have directed a verdict but oral testimony having been introduced to contradict them, the case had to go to the jury. The city treasurer's book showed license taxes due from the defendant in excess of the amount sued for and, being prima facie evidence, the court properly directed a verdict for the amount of plaintiff's claim.

The judgment of the court below is reversed and the record is remitted with directions to enter judgment on the verdict.