## Sale of Farm Products in Municipalities

SHULL, Deputy Attorney General, April 13, 1933.—You have informed this department that numerous complaints have been made by farmers throughout

the Commonwealth that they are being deprived of the right to sell their products in many of the cities and boroughs because of ordinances which have been passed by such municipalities precluding them from making sales therein. You inquire whether farmers who sell their own products are required to procure a license in order to make such sales.

You have not furnished us with copies of the ordinances against which complaints have been made, or where illegally enforced, to the prejudice of the privileges accorded under the law to the farmer who sells the products which have been raised on his farm.

Sales by the farmer are often confused with those by hawkers, peddlers, and traveling merchants, who peddle from house to house goods, wares, and merchandise. The ordinances against this class of salesmen, who are required to procure licenses, run into the hundreds throughout the Commonwealth. These regulations are sometimes improperly used to deter the unwary farmer from exercising his right to sell the products which were raised by his own toil upon his own soil.

An ordinance made by a municipal corporation under authority of the State to levy and collect taxes upon hawkers and peddlers has been held to be a valid exercise of the police power: Brennan v. Titusville, 153 U. S. 289 (1894).

But a different condition is presented where a mercantile license tax on vendors of or dealers in goods, wares, and merchandise is required. This is regulated by the Act of May 2, 1899, P. L. 184, which relates to raising revenue by imposing a mercantile license tax on such vendors or dealers, and which provides:

"Section 1. . . . each retail vender of or retail dealer in goods, wares and merchandise shall pay an annual mercantile license tax. . . .

"Section 2. And it is provided that all persons who shall sell to dealers in or venders of goods, wares and merchandise, . . . shall be . . . wholesalers; and all other venders of or dealers in goods wares and merchandise shall be retailers, and shall pay an annual license tax as provided in this act for retailers."

The act was construed by Hon. John P. Elkin, Attorney General, in an opinion reported in 9 Dist. R. 117 (1900), under the title "New Mercantile Tax Law". The opinion has been cited with approval in our Superior and Supreme Courts. The Attorney General there defined "vendors of" and "dealers in goods, wares and merchandise." He said:

"Mr. Justice Black, in the case of Norris Bros. v. Com., 27 Pa. 494, . . . said: 'A dealer, in the popular, and therefore in the statutory sense, is not one who buys to keep or makes to sell, but one who buys to sell again.' . . .

". . . Under these decisions, a farmer who sells his own hay or other farm products, . . . is not subject to the payment of the tax. He is not a dealer within the meaning of the Act, and has no fixed and permanent place of business where he buys and sells his goods."

In Com. v. Gardner et al., 133 Pa. 284 (1890), it was held that the carriage of the surplus products of the farm or garden to a market town or from house to house was not peddling.

In Reading City v. Bitting, 167 Pa. 21 (1895), the defendant was a milkman who regularly used a wagon on the streets of the city for retailing milk to customers from house to house. A fine was imposed for violation of an ordinance. The Supreme Court said: ". . . We do not think the delivery wagon of the baker, the butcher, the dry-goods dealer, or the milk-man is within the purview of this statute."

The general trend of legislation and adjudications seems to place a ban upon the licensing of persons making sales of their own farm products.

The Act of April 18, 1878, P. L. 26 (No. 32), sec. 5, provides:

". . . That farmers selling their own produce, or occupying a stall or stalls or side-walk, or part thereof, in any of the markets of a city of the first class, shall not be subject to classification or taxation for mercantile purposes."

The Act of April 22, 1903, P. L. 258, provides:

"Section 1. . . . after the passage of this act, it shall be unlawful for any borough or city of this Commonwealth to levy or collect any money or tax, as a license-fee, from any farmer who sells his own products in or about the streets of any borough or city of this Commonwealth."

The General Borough Act of May 4, 1927, P. L. 519, as amended by the Act of May 8, 1929, P. L. 1636, provides:

"Section 2920. Farmers.—It shall be unlawful for any borough to levy or collect any license fee from any person who sells, in or about the streets of any borough, vegetables or animal products raised on his or her own land."

The Act of June 23, 1931, P. L. 932, relating to cities of the third class, placing restriction on the general powers to. license and impose license fees upon farmers, provides: "Section 2610. Farmers.—No city shall levy or collect any license fee from any farmer who sells his own produce in or about the streets of the city."

At the same session of the legislature the Act of June 24, 1931, P. L. 1206, was passed concerning townships of the first class, regulating licenses and license fees of transient retail merchants, section 2901 of which reads: "Nothing contained in this section shall be construed to apply to farmers selling their own produce. . . ."

Therefore, you are advised that farmers who sell their own products may make such sales in municipalities within the Commonwealth without payment of license fees. There may be regulation in the manner of delivery, which ordinance would require observance.        From C. P. Addams, Harrisburg, Pa.